(November 9, 1907.)

THE VOLLMER CLEARWATER CO., Appellant, *v.* W. R. ROGERS et al., Respondents.

[92 Pac. 579.]

EVIDENCE—INTRODUCTION OF EXHIBITS—VERDICT—SUFFICIENCY OF EVIDENCE TO SUSTAIN—SUBSTANTIAL CONFLICT IN EVIDENCE.

    1. *Held,* that the court did not err in admitting in evidence certain exhibits.

    2. *Held,* that the evidence is sufficient to sustain the verdict.

    3. Where there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Idaho County.   Hon. Edgar C. Steele, Judge.

Action to recover balance due on promissory note.   Judgment for defendants.   *Affirmed.*

James De Haven, and James E. Babb, of Counsel, for Appellant.

The objection to the introduction in evidence of defendant's exhibits 2, 3, 6, and 7, should have been sustained. Their introduction did not show, or tend to show, payment of any part of the note sued on but brought issues into the case that were clearly and entirely collateral, and their only effect was to confuse and prejudice the jury.

The point at issue in this case was as to whether the note for $1,600 had been paid.   Evidence as to the payment of other notes was entirely collateral to the issue, and did not prove, or tend to prove, even remotely, payment of the note sued on.   (*Harriman v. Pullman Palace Car Co.,* 85 Fed. 353, 29 C. C. A. 194; *Columbia & Puget Sound R. R. Co. v. Hawthorne,* 144 U. S. 202, 36 L. ed. 405, 12 Sup. Ct. Rep. 591.)

A verdict will be set aside when it is against the great current of evidence; although one or two general statements bring it within the rule which governs when there is a material conflict in the evidence.   (*Field v. Shorb,* 99 Cal. 661, 34 Pac. 504; *Caldwell v. Willey,* 16 Colo. 169, 26 Pac. 161; *Landsman v. Thompson,* 9 Mont. 182, 22 Pac. 1148.)

C. T. McDonald, and W. N. Scales, for Respondents.

There is a substantial conflict in the evidence in this case; in such case the rule is too well settled to require citations.

Under no rule of evidence should the exhibits have been rejected, all of them concerning and being connected with the account of the appellant with the defendant.

SULLIVAN, J.—This action was brought to recover $618.40, with interest thereon, alleged to be the balance due on a promissory note of $1,600.   The complaint contains the usual allegations in such actions.   The answer denied all of

the material allegations of the complaint, except the execution and delivery of said promissory note, and avers payment in full. The case was tried before the court, with a jury, and resulted in a verdict for the defendant upon which a judgment was entered. A motion for a new trial was made and overruled by the court, and this appeal is from the order denying a new trial.

Three errors are assigned, all going to the action of the court in admitting certain evidence, the insufficiency of the evidence to justify the verdict, and the overruling of appellant's motion for a new trial.

The first error assigned goes to certain exhibits introduced by the defendants on the trial, which consisted of certain promissory notes and receipts for divers sums of money for which the respondent Huffman had delivered wheat, oats, barley or flax to the appellant corporation.

It appears from the record that the respondents Rogers and Huffman had executed their promissory note for $1,600 to the appellant corporation; that the company had settled with respondent Rogers for his half of the amount due on said note by delivering to the appellant corporation grain, and perhaps had paid some money thereon, and the respondent Huffman had delivered, at divers times during a period of two or three years, certain grain, and had also paid some money on his half of said promissory note. It appears that the appellants had kept books of the transactions between the parties, and on the trial a copy of the account between appellant and respondent Huffman was introduced as plaintiff's exhibit No. 1, and was admitted as a correct statement of said account as it appeared upon the books of the appellant, which statement showed a balance due from Huffman as claimed in the complaint; but the respondents contended that the books of the company were not correct; that the said promissory note had been fully paid and that the appellant had failed to make the proper credits on its books.

As the promissory notes and receipts represented by said exhibits—Nos. 2 to 7, inclusive—involved transactions between the appellant and respondent Huffman, we think the court did not err in admitting them, as they clearly bore upon

the correctness and had some reference to the copy of the book account introduced in evidence by the appellant. We therefore conclude that the court did not err in admitting either of those exhibits.

The second error assigned is the insufficiency of the evidence to justify the verdict. We have made a careful examination of the evidence, and from it conclude that the jury was justified in finding said verdict, that the evidence was amply sufficient to support the same. There is a substantial conflict in the evidence on some of the material points in the case, and for that reason the verdict of the jury will not be disturbed.

It appears from the testimony of respondent Rogers that agent Long, of the appellant, delivered to him the $1,600 note, and informed him that the note was fully paid. The agent contradicted this testimony, and testified that he did not know how Rogers came into the possession of said promissory note.

Rogers testified as follows, after having testified that he had several conversations with said Long about the note, and that Long had informed him that as soon as Huffman came in and paid his part of the note he would have the note sent up from Lewiston, and would return the note to Rogers.

"In about ten days I went back and sold him a load of barley, and started out, and he says, 'Hold on, Billy; wait a few minutes,' and he went to the desk and got the big note and gave it to me and he says Huffman was in and settled his part of the note."

There is a substantial conflict in this as well as in other parts of the evidence. Considering all of the evidence, we think it supports the verdict.

The third and last error assigned is the overruling of the motion for a new trial. That motion was based upon the first two assignments of error, and as there is no merit in either of those, the court did not err in denying said motion. The judgment must therefore be affirmed, and it is so ordered.

Costs are awarded to the respondents.

Ailshie, C. J., concurs.

ON PETITION FOR REHEARING.

(December 14, 1907.)

PER CURIAM.—A petition for a rehearing has been filed in this case, and the main grounds urged are that there is no substantial conflict in the evidence, and that the court erred in admitting certain evidence.

We have gone over the matter again, carefully, and are fully satisfied that there is a substantial conflict in the evidence, and that there is no reversible error in the action of the court in the admission of evidence. A rehearing is therefore denied.