(November 22, 1909.)

## D. W. EAVES, Appellant, v. CHAS. J. SHEPPARD, F. C. FULLER and E. OLSON, Respondents.

[105 Pac. 407.]

LANDLORD—TENANT—GRAIN — DELIVERY   OF — VERDICT — SUBSTANTIAL EVIDENCE TO SUPPORT.

1. A landlord acquires no title in the grain raised by the tenant until the division and delivery thereof by the tenant to him, when under the lease the tenant is to deliver a share of the crop as rental.

2. Where there is a substantial conflict in the evidence, the verdict of a jury will not be reversed on appeal.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to recover damages for the wrongful appropriation of certain grain. Verdict in favor of plaintiff against defendant Sheppard only, and plaintiff appeals from the judgment in favor of the other defendants, Fuller and Olson, for their costs. Judgment *affirmed.*

Geo. W. Tannahill, for Appellant.

"One who aids and assists in wrongful taking of chattels is liable for the conversion." (*Starr v. Bankers' Union,* 81 Neb. 377, 116 N. W. 61; 11 Current Law, 799; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731.)

Where there is no evidence to sustain a verdict, the court will set the same aside; there is absolutely no evidence to sustain the verdict in favor of the respondents, F. C. Fuller and E. Olson. "Jury cannot disregard unequivocal testimony to a fact by a witness who is not impeached or contradicted." (*Sinclair's Admr. v. Illinois Central R. Co.* (Ky.), 112 S. W. 910; *Walker v. Warner,* 31 App. D. C. 76; *Larson v. Glos,* 235 Ill. 584, 85 N. E. 926; *Mobile etc. R. Co. v. Jackson,* 92 Miss. 517, 46 So. 142; *White v. Hatton* (Iowa), 113 N. W. 830.)

F. E. Fogg, and P. W. Mitchell, for Respondents.

"Where the evidence is such that reasonable men might honestly differ as to the conclusion to be reached, the verdict of a jury thereon will not be disturbed." (*McKissick v. Oregon S. L. Ry. Co.*, 13 Ida. 195, 89 Pac. 629.)

Where there is some evidence tending to show a fact, though the same does not seem satisfactory to the appellate court, the verdict of a jury finding such fact will not be disturbed. (*Simons v. Daly*, 9 Ida. 87-94, 72 Pac. 507; *Martin v. Dowd*, 8 Ida. 453-460, 69 Pac. 276.)

Where rent is to be paid in crop, the tenant remains exclusive owner until rent is set off to landlord. (*Dixon v. Niccolls*, 39 Ill. 372, 89 Am. Dec. 312.) Landlord cannot replevy wheat due him under lease. There being no delivery, title remained in tenant. (*Lacy v. Weaver*, 49 Ind. 373, 19 Am. Rep. 683, 685.) Whole crop belongs to tenant and may be levied on as his property. Landlord's rights rest only in contract. (*Deaver v. Rice*, 4 Dev. & B. (N. C.) 431, 34 Am. Dec. 388.) No title is acquired by landlord until division and delivery to him. (*Symonds v. Hall*, 37 Me. 354, 59 Am. Dec. 53; *Dockham v. Parker*, 9 Greenl. (Me.) 137, 23 Am. Dec. 547.)

In an action for conversion a plaintiff having alleged a joint tort must prove a joint conversion. (*Dahms v. Sears*, 13 Or. 47, 11 Pac. 891; *Cooper v. Blair*, 14 Or. 255, 12 Pac. 370; *Peshine v. Shepperson*, 17 Gratt. (Va.) 472, 94 Am. Dec. 468.)

SULLIVAN, C. J.—This action was brought to recover the value of 403 sacks of wheat and 289 sacks of barley, alleged to be of the value of $789.70. It is alleged that the respondents wrongfully took possession of said grain and converted same to their own use. The respondents by their answer denied the material allegations of the complaint. The case was tried by the court with a jury and verdict rendered and judgment entered for the plaintiff, awarding the plaintiff the sum of $875.35 against the respondent Sheppard only, and judgment was entered dismissing the action as to the other

defendants. A motion for a new trial was made by the plaintiff, who is appellant here, and overruled by the court. The appeal is from the judgment and the order denying a new trial.

Counsel for appellant contend that the plaintiff was entitled to judgment, not only against Sheppard, but also against the other two respondents, Fuller and Olson. Appellant claims title to said grain by virtue of a lease executed by said Sheppard and wife to one James A. Mattoon. That lease was verbally assigned to the appellant. The evidence shows that such assignment was acquiesced in by Sheppard.

The assignments of error go to the sufficiency of the evidence to sustain the verdict. It is contended by counsel that the evidence clearly shows that the defendants, Fuller and Olson, as well as Sheppard, appropriated the grain referred to in the complaint to their own use, or at least hauled it from the ranch on which it was grown, and that they were equally guilty of conversion thereof as Sheppard; and that if Sheppard were guilty of converting the grain, respondents Fuller and Olson were equally guilty under the evidence, as one who aids and assists in wrongful taking of chattels is liable for their conversion, and counsel cites in support of that principle, *Starr v. Bankers' Union,* 81 Neb. 377, 116 N. W. 61. The rule laid down in that case is no doubt correct, the principal question being whether the evidence supports the verdict.

In our view of the matter, it is not necessary for us to go into an extended discussion or citation of the evidence. The first question to be determined is whether, under the evidence, the grain referred to was ever delivered to the plaintiff. The jury by its verdict evidently found that it was not, and it is a well-recognized rule of law that no title is acquired by a landlord in grain raised by a tenant until the division and delivery thereof to him. (*Symonds v. Hall,* 37 Me. 354, 59 Am. Dec. 53; *Dockham v. Parker,* 9 Greenl. (Me.) 137, 23 Am. Dec. 547.) The witness Marker, who was the tenant of the plaintiff, testified as follows: "I rented the land of Mr. Eaves. My arrangements with Mr. Eaves were I

was to give Mr. Eaves one-third of the grain. He was to furnish the sacks. I was to haul it to the tramway for eight cents or to Nez Perce for three cents.'' The plaintiff testified that one-third of the crop was to be delivered to him in the field and if the tenant hauled it, he was to pay the tenant for that work. He testified as follows: ''I was to furnish the sacks to Mr. Marker and instructed him to get them from the grain warehouse.'' The witness Marker further testified in the matter, and referring to a conversation he had with the defendant Sheppard wherein Sheppard informed him that Mr. Eaves had no authority to rent the land, and speaking of his reply at that time to Mr. Sheppard, testified: ''I will tell you, Mr. Sheppard, if you don't stop me I will go on and fulfill my contract. . . . . If you stop me you have to notify me according to law or you will never get the grain, and he did notify me before harvest not to deliver it. . . . . When I got notified by Sheppard not to deliver the grain to Eaves, I sat down and wrote Eaves a letter and he answered me back. He says, 'Marker, go to the Clearwater Grain Co. and get my third of the sacks.' Sheppard wanted me to go to Kettenbachs and get sacks for him. So there I was between two fires and I studied the matter over a little . . . . went to Alvords and asked him what I should do. . . . . I bought the sacks myself at Kettenbachs. The grain was put in my sacks. I was paid for the sacks. Mr. Mitchell paid me for them. Mr. Mitchell was acting for Mr. Sheppard. . . . . I never, in fact, delivered any grain to Eaves. I didn't have time. I put it in my sacks. . . . . As a matter of fact, I didn't deliver it to either one of the parties.'' The plaintiff testified in his own behalf, and in commenting on the testimony above quoted, testified: ''Mr. Marker's testimony is that he refused to put that grain in my sacks. He didn't object to it. He said, 'I have furnished the sacks,' and I authorized him to get the sacks. He didn't do it— went on and got his own sacks. No, sir, I didn't pay him for the sacks. He didn't ask for pay. I didn't get any grain.'' The plaintiff also testified as follows: ''I saw the grain. I saw it piled out by itself. . . . . How I know he

piled it out for me, he showed it to me and told me I could take it. . . . . He told me he had furnished the sacks himself so there would be no claim from Sheppard or anybody about the sacks. . . . . He told me when I talked about it, there should not be a sack of grain hauled out of the field by either party until it was settled who the owner was.''

The above-quoted testimony clearly shows that the grain was not delivered, or, at least, that there was a direct conflict in the testimony as to the delivery of the grain by Marker to Eaves, the plaintiff. Marker, a disinterested witness, testified positively that he did not deliver the grain to Eaves, but, on the contrary, put it into the sacks paid for by Sheppard, and the plaintiff himself testified that Marker informed him that ''there should not be a sack of grain hauled out of the field by either party until it was settled who the owner was.'' Eaves testified that the grain was delivered to him and Marker that it was not, thus making a direct conflict in the testimony as to the delivery. Under the well-established rule of this court, a judgment will not be reversed on account of the insufficiency of the evidence when there is a substantial conflict therein. (*Church v. Van Housen,* 15 Ida. 249, 97 Pac. 36; *Camas Prairie State Bank v. Newman,* 15 Ida. 719, 128 Am. St. 81, 99 Pac. 833; *Later v. Haywood,* 15 Ida. 716, 99 Pac. 828, and the decisions of this court therein cited; also sec. 4824, Rev. Codes.)

The plaintiff could not recover in this case unless the grain had first been delivered to him by his tenant, and as there is a substantial conflict in the evidence upon the question of delivery of the grain to the plaintiff, the verdict of the jury will not be disturbed. It is true the jury found a verdict in favor of the plaintiff as against Sheppard, but there is no appeal on the part of Sheppard and the verdict and judgment must stand as to him. And had Sheppard appealed, the verdict and judgment would have been sustained as to him because of the rule that where there is a substantial conflict in the evidence the verdict will not be disturbed.

This disposes of this appeal in favor of respondents.  The judgment is therefore affirmed, with costs in favor of respondents.

Stewart and Ailshie, JJ., concur.