(November 14, 1908.)

## ARCHIE McCALLUM and RICHARD FOLLETT, Respondents, v. J. H. McCLARREN and P. J. HEINZ, Appellants.

[98 Pac. 200.]

CONFLICT OF EVIDENCE—REVERSAL—STATUTE OF FRAUDS—ORIGINAL PROMISE.

    1. Where there is a substantial conflict in the evidence, this court will not reverse the judgment of the trial court.

    2. *Held,* in this case that the evidence supports the findings and judgment.

    3. Under the provisions of subdivision 3, section 6010, Rev. Stat., a promise to answer for the obligation of another is deemed an original obligation of the promisor, and need not be in writing where the promise is for an antecedent obligation of another, and is made upon the consideration that the party receiving it cancels the antecedent obligation and accepts the new promise as a substitute therefor.

    4. In an action where it is sought to recover upon the promise of A to pay the antecedent obligation of B to C, upon consideration that C, receiving such promise, cancels the antecedent obligation of B, and accepts the new promise of A as a substitute therefor, all that is necessary to allege under the statute are the facts which show that there was an antecedent obligation, that a promise was made upon consideration that the party receiving it cancel the antecedent obligation and accept the new promise as a substitute therefor.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for the County of Shoshone. Hon. W. W. Woods, Judge.

An action for debt. Judgment for plaintiff. *Affirmed.*

A. G. Kerns, for Appellant, cites no authorities on points decided.

Gray & Knight, and J. E. Gyde, for Respondents.

Where there is a substantial conflict of evidence the findings of the court will not be disturbed. (*Abbott v. Reddy,*

9 Ida. 577, 75 Pac. 764.)    It is immaterial whether an agreement of the nature set out in the complaint was in writing or not.    If made as alleged by plaintiffs and found by the court, it was not necessary for it to be in writing.    (Sec. 6010, Rev. Stat. 1887; Smith's Law of Frauds, 391 et seq.; *Meriden-Britannia Co. v. Zingsen*, 48 N. Y. 247, 8 Am. Rep. 549; *Wood v. Corcoran*, 83 Mass. 405; *Warren v. Smith*, 24 Tex. 484, 76 Am. Dec. 115; *Casey v. Miller*, 3 Ida. 567, 32 Pac. 195; *McLaren v. Hutchinson*, 22 Cal. 188, 83 Am. Dec. 59; 29 Am. & Eng. Ency., 912, and cases cited; *Miller v. Lynch*, 17 Or. 61, 19 Pac. 845; *McCormick v. Johnson*, 31 Mont. 266, 78 Pac. 500; *Smith Bros. & Co. v. Miller* (Ala.), 44 South. 399.)

STEWART, J.—This is an action for debt.   P. J. Heinz was not served with process, and judgment was rendered against the defendant, J. H. McClarren, for the sum of $1,100.    This appeal is from the judgment.

It is alleged in the complaint and the court finds that on June 29, 1904, one W. T. Hales was indebted to the plaintiffs, respondents here, in the sum of $1,200; that said sum had not been paid, and that on said 29th day of June, in consideration of certain contracts, theretofore entered into, by and between the said W. T. Hales and the above-named defendants, J. H. McClarren and P. J. Heinz, the exact nature of which is unknown to plaintiffs, the plaintiffs and defendants, in consideration of said contracts theretofore entered into between the said W. T. Hales and the said defendants, promised and agreed to and with the said plaintiffs that they would pay to said plaintiffs the sum of $1,100 of the $1,200, then due and owing from the said W. T. Hales to said plaintiffs, within sixty days from the said last mentioned date, and in consideration of the promises and agreements made by defendants to plaintiffs, plaintiffs then and there agreed to and did release said W. T. Hales from any and all liability to plaintiffs for and on account of said indebtedness of the said Hales except the sum of $100, which the said defendants promised and agreed to pay, and plaintiffs accepted the said

promise and agreement of the defendants to pay plaintiffs the said sum of $1,100 as hereinbefore specified, in lieu of, and as a substitute for, the agreement of said Hales.

A demurrer was filed to this complaint and overruled by the court. The demurrer was upon the grounds that the complaint failed to state a cause of action; that it was indefinite and uncertain; that there was a defect of parties defendant; that the said W. T. Hales was not made a defendant; and that it failed to show any consideration passing to the defendant for the alleged promise to answer for the debt of W. T. Hales, and was ambiguous.

The answer denied the allegations of the complaint and set up a separate defense, alleging that on or about June 29, 1904, the plaintiff, Archie McCallum, presented to this defendant, J. H. McClarren, of Wallace, Idaho, as president of the Heinz Lead and Silver Min. Company, and as president of the Tri-State Realty Company, both of Pittsburg, Pa., an order in writing, in words and figures, to wit:

"Wallace, Idaho, June 29, 1904.
"Heinz Lead & Silver Mining Company,
    J. H. McClarren, Pres.

"You will please pay to the order of A. McCallum, eleven hundred (1100) same to be paid out of my stock placed with your Co., (Tri-State Realty Co.), for sale, when sale is made.
    "Yours truly,
        "W. T. HALES."

—that the defendant, as such president, and not otherwise, indorsed on such order the following conditional acceptance, to wit: "I agree to accept the above order subject to the date of sale. J. H. McClarren"; that the W. T. Hales who made said order is the identical Hales mentioned in the complaint; the A. McCallum mentioned in said order is the same as Archie McCallum, one of the plaintiffs in this action. The court found that this order was given and accepted as shown upon its face.

The argument as to the sufficiency of the complaint and the insufficiency of the evidence to support the findings and judgment is founded upon the contention that plaintiff cannot re-

cover in this action, for the reason that the facts as alleged and found by the court bring the case within the statute of frauds. It will be observed that the complaint alleges and the court finds that W. T. Hales was indebted to the plaintiffs, respondents herein; that defendants, appellants herein, agreed to pay such indebtedness to plaintiffs upon consideration that the plaintiffs release said W. T. Hales from his obligation to pay said indebtedness, and accepted the promise of defendants as a substitute therefor. If these facts be true, then the case comes clearly under the provisions of subd. 3, sec. 6010, Rev. Stat. of Idaho, which is as follows:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing. . . . .

"3. Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor. . . . ."

The court finds that there was an antecedent obligation from Hales to the plaintiffs in this action; that appellants promised to pay the said obligation of Hales to plaintiffs, and as a consideration therefor said plaintiffs released said Hales from said promise and accepted the promise of the appellants to pay said indebtedness. Under this statute this becomes an original promise, and does not fall within the statute of frauds. It is argued, however, that the demurrer to the complaint should have been sustained, for the reason that it did not allege that there was any consideration passing between Hales and the appellants for such promise. This is not necessary under the statute. All that the statute requires is that the facts alleged show that there was an antecedent obligation, that the promise was made upon the consideration that the party receiving it cancel the antecedent obligation and accept the new promise as a substitute therefor. In this case all that was necessary to allege was that Hales was indebted to respondents; that the appellants promised to pay such indebtedness to the respondents upon the respondents' canceling the indebtedness of Hales to them, and that the re-

spondents accepted the promise of the appellants as a substitute for the obligation of Hales. It was not necessary to allege any consideration passing between Hales and the appellants as a consideration for their promise to pay the obligation of Hales to the respondents.

Counsel for appellants argue that the order set forth in their answer was a bill of exchange, and that appellants were not liable thereon, for the reason that the acceptance was conditional that appellants would pay the same subject to the sale of the stock named in said order. This contention is based upon the provisions of sec. 126 et seq., Laws of 1903, p. 401. While the court finds that the order set forth in the appellants' answer was given and accepted as stated in said order, still such finding becomes of no consequence in this case by reason of the fact that the court finds in favor of the plaintiffs upon the cause of action set forth in the complaint; that is, that the appellants made a promise which became an original promise under the statute, and by reason of such promise, became indebted to the respondents. The fact that the contract plead in the complaint was made is not refuted by the making of the order set forth in the answer, unless the latter was entered as a substitute for the former or as the result of the facts upon which the former is based. In other words, the fact that the appellants were liable upon the contract plead in the complaint would not necessarily mean that they were not also liable upon the contract plead in the answer. They may be liable upon both contracts, so far as the findings of the court are concerned. This being true, the provisions of the Laws of 1903, under which the appellant claims, have no application to this case. From a careful examination of the evidence we are satisfied it sustains the findings and judgment. The judgment is affirmed. Costs awarded to the respondents.

Ailshie, C. J., and Sullivan, J., concur.