(January 27, 1910.)

JOHN EDMUNDSON, Appellant, v. ORSON S. TAYLOR, JOHN KEPPNER and DAVID ERICKSON, Respondents.

[106 Pac. 991.]

CHATTEL MORTGAGE—FORECLOSURE OF—ANSWER—CROSS-COMPLAINT— ISSUES MADE BY—SPECIFICATIONS OF ERROR—VERDICT—FINDINGS OF FACT—FAILURE TO MAKE.

1. Where an action is brought to foreclose a chattel mortgage, and a counterclaim or setoff and a claim for damages because of failure of warranty is set up as a defense, and the question of whether there is anything due the plaintiff under the issues made by the pleadings is submitted to the jury on the evidence and under the instructions of the court, and the jury finds for the defendants in the sum of one dollar, and the court enters judgment thereon, the failure of the court to make further findings of fact is not reversible error.

2. The jury having determined by the verdict that there was nothing due on the promissory note, the payment of which had been secured by the mortgage sought to be foreclosed, it was not neces-

sary for the court to make findings of fact on the issues made by the complaint to foreclose said mortgage, aside from the finding made by the verdict of the jury.

3. It is not necessary for the court to make any findings upon issues made by the complaint which are admitted, or not denied, by the answer.

4. Where there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed on appeal.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for Fremont County. Hon. James M. Stevens, Judge.

Action to foreclose a chattel mortgage. Defense, damages for failure of warranty, for personal services and horse feed. Judgment for defendants. *Affirmed.*

W. H. Holden, and E. M. Holden, for Appellant.

Neither the court nor jury made any findings whatever upon the material issues, or any issue, raised by the pleadings in the equity side of this cause. Therefore, the judgment ought to be reversed and the cause remanded, with instructions to set aside the judgment and retry the case. (*Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416.)

Millsaps & Miller, for Respondents.

The jury and the court both find upon every material issue made by the pleadings, and that was what, if anything, was owing upon the note or whether the defendants owed the plaintiff anything upon the note. When that issue was settled and found upon there was nothing else to settle or find upon material to the case. It was admitted, and not denied, that the plaintiff had a right to foreclose the mortgage and reform the same and subject the property to the payment of the debt or not, provided there was anything owing to plaintiff from the defendants, and if there was not, as a matter of law he could not foreclose the mortgage, and hence any other finding upon any other question was immaterial, and

could not have affected the judgment entered. (*Standley v. Flint,* 10 Ida. 629, 79 Pac. 815; *Tage v. Alberts,* 2 Ida. 249 (271), 13 Pac. 19; *Carson v. Thews,* 2 Ida. 176, 9 Pac. 605; *Bowman v. Ayers,* 2 Ida. 305, 13 Pac. 346; *Haight v. Tryon,* 112 Cal. 4, 44 Pac. 318.)

"Where a fact is admitted by the pleadings, a finding in accordance with the admission is unnecessary. And not only so, but a finding contrary thereto will be disregarded." (2 Spelling, Appellate Practice, par. 591; *Swift v. Mugridge,* 8 Cal. 445; *Anderson v. Alseth,* 8 S. D. 240, 66 N. W. 320; *Parker v. Bank,* 3 N. D. 87, 54 N. W. 313; *Burnett v. Stearns,* 33 Cal. 473; *Tracy v. Craig,* 55 Cal. 93; *Bradbury v. Cronise,* 46 Cal. 289.)

SULLIVAN, C. J.—This action was commenced to reform and foreclose a certain chattel mortgage executed by the defendants, who are respondents here, to the appellant to secure the payment of a promissory note for $1,500, dated December 2, 1905. The promissory note was executed by the defendants in payment for a certain stallion sold by the appellant to all of the defendants. The defendants filed their answer and cross-complaint whereby they admitted the execution and delivery of said note and mortgage, averred a warranty by the plaintiff to the effect that said stallion was a full-blooded Percheron stallion, registered and recorded under No. 15,808 (19,964) with the Percheron Society of America at Chicago, Ill.; that said stallion was not as represented and warranted; that upon the discovery of that fact they offered to return said stallion to the plaintiff, and demanded the return of said promissory note and the return of the amount or sum that defendants had paid on the purchase price of said horse, and damages by reason of the fraudulent representations and warranty; that said note was procured from the defendants through fraud and misrepresentation and false warranty. They deny that no part of said note has been paid, and aver that $850 has been paid thereon, and allege by way of cross-complaint that plaintiff sold and delivered said stallion to them for the sum of $2,500

under the representation and warranty stated above; that they purchased said horse relying upon said representations of warranty; that said representations of warranty were false; that said stallion was not a full-blooded Percheron, registered and recorded. but was only a common-grade stallion and·was not worth more than $350. They then set out the payment of $850 on said $1,500 note and aver that they had sustained damages in the sum of $1,000, and pray that said promissory note and mortgage be canceled and discharged of record; that they have judgment against the plaintiff for $550, the difference between the actual and true value of said horse and the sum paid, and for judgment for $1,000 damages, and for such other relief as may seem just and meet in the premises.

The plaintiff answered said cross-complaint, denying that he ever warranted said stallion or that he ever made any false representations in regard to him, and by his denials put in issue many of the allegations of the cross-complaint. Upon the issues thus framed the cause was tried by the court with a jury, and the jury found for the defendants and assessed their damages at one dollar. On that verdict judgment was entered in favor of the defendants for one dollar with interest and costs. A motion for a new trial was made and denied. The appeal is from the judgment and order denying a new trial.

The trial court made no findings whatever in the case, simply entered judgment on the verdict of the jury, which verdict was general and is as follows: "We, the jury duly sworn and impaneled in the above-entitled action, find for the defendants, and assess defendants' damages in the sum of one dollar."

The main contention is that the jury, as well as the court, failed to find upon any of the issues made by the pleadings. It will be observed that this is an action to reform and foreclose a chattel mortgage and is a suit in equity. By their answer the defendants put in issue the material allegations of the complaint, and by way of cross-complaint they averred damages in the amount of one thousand dollars by reason

of the failure of the warranty alleged to have been made in regard to said horse, and on behalf of Taylor, $300 for services rendered in the sale of said horse, and on behalf of Keppner, $250 for services, board and horse feed furnished the plaintiff.

All of the specifications of error are to the effect that the jury, as well as the court, failed to find upon the issues made by the pleadings. The court, under instructions, the correctness of which is not questioned on this appeal, submitted to the jury the question whether the plaintiff warranted the horse to be ''a full-blooded Percheron stallion, registered and recorded under No. 15,808 (19,964) with the Percheron Society of America at Chicago, Ill.,'' and whether there was a breach of such warranty or failure of consideration, and also the value of the horse, if he was not of the class and kind described in the warranty, also whether the defendant Keppner rendered personal services in the sale of said horse and furnished and rendered board and horse feed to the plaintiff of the value of $250, and whether the defendant Taylor rendered services for the plaintiff at his instance and request in selling and disposing of said stallion reasonably worth the sum of $300, and, if the horse was warranted, the amount of damages sustained by the defendants because of the failure of the warranty, if they found there was a failure.

It appears that the entire proposition or issue as to whether there was anything due on said note and whether the defendants were entitled to any offset against said note by reason of their allegations of failure of warranty and damages and for personal services and for board and horse feed, was submitted to the jury for determination, and they rendered a general verdict in favor of the defendants for damages amounting to one dollar. The jury was not requested to find a special verdict or to answer any special interrogatories submitted to them. Evidence in regard to the warranty, the value of the horse, damages by reason of failure of the warranty, and for services and board and horse feed, was introduced by both plaintiff and defendants on the trial of the case before the jury, and, as above stated, such evidence was submitted to the jury under instructions of the court. Then

the question arises whether under that state of facts the court erred in failing to find upon the issues made by the pleadings. The court evidently adopted the verdict of the jury as a finding, to the effect that there was nothing due the plaintiff and that there was a dollar due the defendants. There was no need of a reformation of the mortgage if there was nothing due on the obligation it was given to secure, and the jury, under instructions of the court, passed upon all of the issues made by the cross-complaint and the answer thereto, that being in effect an action at law. The jury having determined that there was nothing due on the promissory note sued on, we do not think it was necessary, for the court to make findings of fact on the issues made by the pleadings in the foreclosure sought in this case.

This court held in *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490, as follows:

"Where the court fails to find on all the material issues made by the pleadings, the judgment will be reversed unless a finding upon such issue would not affect the judgment entered."

In the case at bar, if there was nothing due upon the promissory note sued on, any finding made upon the issues raised by the action to foreclose the mortgage could not affect the judgment entered; for if there was nothing due, the mortgage could not be foreclosed. (*Tage v. Alberts,* 2 Ida. 271, 13 Pac. 19.)

Certain issues were made by the complaint that are not denied by the answer, and under that state of facts, Mr. Spelling, in vol. 2, sec. 591, p. 1259, of his work on Appellate Practice, says:

"Where a fact is admitted by the pleadings, a finding in accordance with the admission is unnecessary. And not only so, but a finding contrary thereto will be disregarded."

Under this authority, it was not necessary for the court to make any findings upon issues made by the complaint which were admitted, or not denied, by the answer. Defendants admitted the execution of the promissory note and mortgage.

Taking all of the evidence in the case into consideration, we find a substantial conflict upon the issue as to whether

there is anything due .on the promissory note upon which this action is based, and as the jury has determined in effect that there is nothing due on that note and the court has evidently adopted that as one of its findings, if all of the other allegations of the complaint were found to be true, it could not affect the result of this action and would be no cause for a new trial. If there is nothing due the plaintiff, he could take nothing by his action.

The judgment is affirmed, with costs in favor of the respondents.

Stewart and Ailshie, JJ., concur.