(August 2, 1910.)

WESTERN MOLINE PLOW COMPANY, Respondent, v. JOHN W. CALDWELL, Appellant.

[110 Pac. 533.]

ACTION TO RECOVER PROMISSORY NOTES—CONFLICT IN EVIDENCE.

(Syllabus by the court.)

1.   Where there is a substantial conflict in the evidence the findings of the trial court will not be set aside.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County.   Hon. Edward A. Walters, Judge.

Action to recover on promissory notes.   Judgment for plaintiff.   *Affirmed.*

J. G. Watts, for Appellant, cites no authorities on point decided.

E. M. Wolfe, for Respondent.

Under the rules of practice in this court, "where there is a substantial conflict in the evidence, the findings of the trial court will not be disturbed." (*Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80, and cases cited.)

SULLIVAN, C. J.—This action was brought to recover judgment on three certain promissory notes for protest and attorney's fees, amounting in all to $1,978.28 and costs of suit.

The defendant by his answer admitted the execution of said notes but averred that the agent of the defendant had extended the time for payment thereof; also averred that before the commencement of this suit defendant had tendered to the attorney of the plaintiff the entire amount due on said promissory notes including protest fees, but that the attorney refused to accept said sum unless the defendant would pay $150 attorney's fees.

Trial was had before the court without a jury and findings of fact were made in favor of the plaintiff and against the defendant. The court found that the amount of principal and interest due and unpaid on the promissory notes amounted to $1,799.28, protest fees $9.00 and attorney's fees $170, and that the time for the payment of said promissory notes was not extended by the plaintiff, and that the notes were long past due on the date of the commencement of this suit. Judgment was entered on said findings for the plaintiff in the sum of $1,978.28 and costs of suit. This appeal is from the judgment.

There is a substantial conflict in the evidence on the question as to whether there was an extension of the time for payment of said promissory notes, and under the well-established rule of this court, to the effect that where there is a substantial conflict of the evidence, the findings of the trial court will not be set aside (*Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80), the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, J., concurs.