(December 14, 1911.)

## HEGBERT THOMASON et al., Respondents, v. THE LANE–POTTER LUMBER CO., Appellant.

[119 Pac. 875.]

VERDICT OF JURY—CONFLICT IN EVIDENCE—REVERSIBLE ERROR.

(Syllabus by the court.)

1. Where there is a substantial conflict in the evidence, the verdict of the jury will not be set aside.

2. Where there appears no reversible error in the record, the judgment must be affirmed.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. Robt. N. Dunn, Judge.

Action to recover for goods, wares and merchandise alleged to have been sold and delivered to the defendant.   Judgment for plaintiffs.   *Affirmed.*

B. S. Bennett, for Appellant.

H. H. Taylor, for Respondents.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This action was brought by the respondents, who were the plaintiffs in the court below, to recover from the appellant the sum of $838.55, for and on account of goods, wares and merchandise claimed to have been delivered and sold by the plaintiffs to the defendant.

It is alleged in the complaint that between the first day of August and the 31st day of December, 1907, the plaintiffs sold and delivered to the defendant and to John McGill, agent for the defendant, at the instance and request of the defendant, goods, wares and merchandise of the value of $1,072.25 and that no part thereof has been paid except the sum of $232.70.

The answer of the defendant denied the partnership of the plaintiffs and admitted the corporate character of the defendant and denied that plaintiffs sold or delivered to the defendant any goods, wares and merchandise whatever, and denied that the defendant agreed to pay the plaintiffs for any goods, wares or merchandise.

Upon the issues made the case was tried before the court with a jury and a verdict returned in favor of the plaintiffs for the sum of $838.55, and judgment was entered for that sum with interest and costs. A motion for a new trial was denied and this appeal is from the judgment and order denying the new trial.

Ninety-nine errors are assigned, relating to the sufficiency of the evidence to support the verdict, the admission and exclusion of evidence, and the giving and refusing to give certain instructions to the jury.

It is first contended that the evidence is insufficient to sustain the verdict. It appears that one McGill made a contract with the appellant corporation to do certain logging for said company, and according to the testimony of McGill, he informed the representatives of said company that he did not have money enough to run a camp and that the company would have to supply the camps, pay the men and supply everything, and that the company delivered to him two order or check books and McGill was instructed how to draw the checks on the company. It seems that McGill proceeded with the logging business and drew a great many checks on the appellant company and many of them were paid and introduced on the trial. We will here insert one of the checks, which is a sample of the many introduced in evidence, to wit:

"$111.30            Clarksford, Idaho, Oct. 17, 1907.
"To the Lane-Potter Lumber Co.

"Pay to the order of Thomason Bros. Hardware Company the sum of One Hundred and Eleven 30–100 Dollars. For hardware.

"(Signed)    JOHN McGILL."

Said check was thereafter paid by said lumber company and the following indorsement made thereon:

"Paid Oct. 2, 1907.   Lane-Potter Lbr. Co., Ltd."

The checks issued by McGill covered the months of October, November and December.

The evidence also shows that the Lane-Potter Lumber Co. had certain control over the lumber camps and business of McGill as such camps were closed by the order of the appellant.

There is a substantial conflict in the evidence, and under the well-established rule of this court, where such conflict exists the verdict of the jury will not be disturbed. After a careful examination of all the evidence, we are fully satisfied that it is sufficient to support the verdict of the jury.

We have examined with considerable care the errors assigned with regard to the admission and rejection of certain testimony offered and do not find any reversible error in the rulings of the court in that regard; and taking all of the instructions together, we think they fully and fairly state the law of the case.

We conclude that the court did not err in giving said instructions and in refusing to give certain instructions requested.   The judgment will therefore be affirmed, and it is so ordered.   Costs of this appeal are awarded to respondent.

Stewart, C. J., and Ailshie, J., concur.