(November 29, 1913.)

E. G. POMEROY, Respondent, v. ED. J. GORDAN, Appellant.

[137 Pac. 888.]

ACTION ON ACCOUNT—ADMISSION OF TESTIMONY—CONFLICT OF EVIDENCE.

1. Where appellant cross-examined respondent at length upon items of account in both the bill of particulars and account-books, this court will not disturb the finding as to the balance due.

2. Where there is substantial evidence to support the findings of the court or verdict of the jury, they will not be set aside on the ground of insufficiency of the evidence.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

Action upon contract. Judgment for plaintiff. Defendant appeals. *Affirmed.*

McFadden & Brodhead, for Appellant.

This action was for a balance due on account, and a bill of particulars furnished which served to amplify the allegations of the complaint, and bound plaintiff to proof of the items of the bill, both debit and credit. The testimony of plaintiff fell far short of proving his cause of action as laid in the complaint, or bill of particulars. (*Chapman v. Bent,* 6 Cal. Unrep. 740, 65 Pac. 959; *American Rolling Mill Co. v. Ohio Iron & Metal Co.,* 120 Ill. App. 614; *McKinnie v. Lane,* 230 Ill. 544, 120 Am. St. 338, 82 N. E. 878.)

"A bill of particulars confines the recovery in an action to the claim therein stated, and plaintiff may give evidence of no other." (*Walzl v. King,* 113 Md. 550, 77 Atl. 1117; *Quandt v. Ernst,* 143 Ill. App. 299; *Colwell v. Brown,* 103 Ill. App. 22.)

Sullivan, Sullivan & Baker, for Respondent.

Sec. 4209, Rev. Codes, gave to appellant the right to secure from respondent, upon demand, a bill of items or a copy of the account sued upon, which does not become a part of the complaint itself.

A bill of particulars does not become a part of the pleading except to the extent of restricting the proof to matters therein specified. (1 Cyc. 570; *Chamberlain v. Loewenthal,* 138 Cal. 47, 70 Pac. 932.)

The bill of items need not be in any special form, and the sole object or purpose of the same is to advise or apprise the defendant of the various items comprising the account sued on that he may cross-examine the plaintiff on the same or object specifically to any item contained therein. (3 Ency. P. & L. 531; 31 Cyc. 583; *Ames v. Bell,* 5 Cal. App. 1, 89

Pac. 619; 1 Ency. of Ev. 158; *Godbold v. Blait,* 27 Ala. 592; *Russel v. Little,* 22 Ida. 429, 126 Pac. 529.)

Objections raised for the first time on appeal will not be considered. (*Gamble v. Dunwell,* 1 Ida. 268; *Caldwell v. Ruddy,* 2 Ida. 1, 1 Pac. 339; *Murphy v. Braase,* 3 Ida. 544, 32 Pac. 208; *Aulbach v. Dahler,* 4 Ida. 654, 43 Pac. 322; *Taylor v. Hall,* 8 Ida. 757, 71 Pac. 116; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608; *In re Paige,* 12 Ida. 410, 86 Pac. 273; *Village of Kendrick v. Nelson,* 13 Ida. 244, 89 Pac. 755, 12 Ann. Cas. 993; *Maw v. Coast L. Co.,* 19 Ida. 396, 114 Pac. 9; *First Nat. Bank v. American Falls C. & P. Co.,* 20 Ida. 368, 118 Pac. 668.)

If objection had been made in the trial court that there was a material variance between the allegations and the proof and the defendant had been misled thereby, then, under the provisions of sec. 4225, Rev. Codes, and the decisions of this court, respondent would have been permitted to amend the pleadings to conform to the proof, upon such terms as might have been just, if the court had determined that there had been a material variance. (*Joyce v. Rubin,* 23 Ida. 303, 130 Pac. 793; *Snowy Peak etc. Co. v. Tamarack etc. Co.,* 17 Ida. 642, 107 Pac. 60; *Johnson v. Gary,* 18 Ida. 627, 111 Pac. 855; *Pennsylvania Min. Co. v. Gallagher,* 19 Ida. 101, 106, 112 Pac. 1044; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997.)

Respondent explained the items set forth in the bill of items at length on cross-examination and apparently to the satisfaction of appellant. The original books of respondent were in court and were examined by appellant and his counsel. (*Graham v. Harmon,* 84 Cal. 181, 23 Pac. 1097.)

Where there is substantial evidence to support the findings of the court or the verdict of the jury, they will not be set aside on the ground of insufficiency of the evidence. (*Gumaer v. White Pine L. Co.,* 11 Ida. 591, 83 Pac. 771; *Robbins v. Porter,* 12 Ida. 738, 88 Pac. 86; *Bowers v. Cottrell,* 15 Ida. 221, 96 Pac. 936; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Herculith Co. v. Gustafson,* 22 Ida. 537, 126 Pac. 1050; *Miller v. Blunck,* 24 Ida. 234, 133 Pac. 383.)

Where there is a substantial conflict in the evidence, the verdict of the jury or the findings and decision of the trial court will not be disturbed or set aside. (Citing cases cited by court in opinion.)

STEVENS, District Judge.—This action was commenced in the district court of the fourth judicial district, in and for the county of Blaine, for the collection of $2,424.24 alleged to be due on an account for labor, goods, wares, merchandise and supplies furnished and money advanced by plaintiff to defendant.

Appellant makes four assignments of error: the first and second as to the admission of certain testimony; the third, upon the denial of defendant's motion for a new trial; and the fourth, that the evidence is insufficient to justify the verdict of the jury.

The principal objections urged by appellant upon his first and second assignments of error are the refusal of the trial court to sustain appellant's objections to the question asked of the respondent in what sum appellant was indebted to him and the refusal of the court to strike out the testimony as to the amount claimed to be due to him from appellant.

Appellant's counsel contends that the proof does not show the balance due upon such account. At his request plaintiff furnished a bill of particulars setting forth the various items which go to make up the account, and this, together with the books of account of the plaintiff were introduced in the lower court. Counsel for appellant cross-examined plaintiff at length upon the various items and in response to such inquiry, plaintiff stated that the difference between such debits and credit was the amount of his claim.

The appellant's counsel had not only the bill of particulars, but the account-books covering the whole transaction in court at the trial, and he had the right to cross-examine plaintiff from both to ascertain the true facts, and, if there was error in this regard, it was cured by the examination and admission of such testimony.

Appellant also raised the question of a variance between the pleadings and the proof. This question does not seem to have been raised in the trial court. This court in the case of *Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9, said: "We are of the opinion that if the defendant found during the trial, or at the conclusion of the trial, that it had been misled by the allegations of the complaint, it should have advised the court at the time . . . . and the court was empowered to afford the relief . . . . and if the court denied the relief, saved his exception, then the defendant would have been in a position to present the same on appeal." This question has been passed upon in several cases by this court, but in the case now before the court the question cannot be relied upon successfully.

The third assignment of error was not presented nor argued in this court.

As to the fourth assignment of error, that the evidence is insufficient to support the verdict, the contention of the appellant that defendant should not be held liable personally, cannot avail, for there is a substantial conflict in the evidence as to the contract or agreement under which operations were carried on between plaintiff and defendant, and this court has held in so many cases that, where there is substantial evidence to support the findings of the court or verdict of the jury, they will not be set aside on the ground of insufficiency of the evidence. (Ailshie & Snow, Ida. Dig., pp. 49–53; *Church & White Co. v. Van Housen*, 15 Ida. 249, 97 Pac. 36; *McCallum v. McClarren*, 15 Ida. 374, 98 Pac. 200; *Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Eaves v. Sheppard*, 17 Ida. 268, 134 Am. St. 256, 105 Pac. 407; *Edmundson v. Taylor*, 17 Ida. 618, 106 Pac. 991; *Tomsche v. Hummel*, 18 Ida. 23, 108 Pac. 343; *Flynn Group etc. Co. v. Murphy*, 18 Ida. 266, 138 Am. St. 201, 109 Pac. 851; *Western Moline etc. Co. v. Caldwell*, 18 Ida. 463, 110 Pac. 533; *Penninger etc. Co. v. Clark*, 20 Ida. 166, 117 Pac. 764; *Thomason v. Lane-Potter etc. Co.*, 20 Ida. 771, 119 Pac. 875; *Friedrich v. Donahue*, 20 Ida. 92, 116 Pac. 1029; *Blackfoot St. Bank v. Crisler*, 20 Ida. 379, 118

Pac. 775; *Weeter L. Co. v. Fales*, 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662.)

The law and the equity of the case seem to be as determined by the district court, and the judgment of the lower court is affirmed. Costs awarded to respondent.

Ailshie, C. J., and Stewart, J., concur.

Petition for rehearing denied.