(May 12, 1914.)

OTTO SWANSTROM, Respondent, v. W. E. FROST, Doing Business as the FROST–COPE LUMBER CO., Appellant.

[140 Pac. 1105.]

Personal Injury—Negligence—Contributory Negligence—Assumption of Risk.

1. Facts of this case examined, and *held* sufficient to support a verdict that the defendant was guilty of negligence and to warrant a verdict and judgment for damages.

2. Where a log decker was injured by being knocked off the deck by a "gunning" log and sues his employer for damages and charges that the master was negligent in that he furnished a deaf teamster to drive the team that was doing the cross hauling, and

that he did not furnish a reasonably safe place for the team, and that, on the contrary, the place where the team had to walk was so muddy, swampy and unsafe that it irritated and excited the team so that they could not be stopped upon signal, and that his injuries resulted from either a failure of the driver to hear the signal or the inability of the driver to stop the team upon receiving the signal, and there is some evidence in the record which would sustain either one or both of the contentions, the verdict and judgment in favor of the party injured will not be disturbed, even though the preponderance of the evidence is against his contention.

APPEAL from the District Court of the Eighth Judicial District for the County of Bonner. Hon. John M. Flynn, Judge.

Action for damages. Judgment for plaintiff. Defendant appeals. *Affirmed.*

G. H. Martin, for Appellant.

Negligence cannot be based on problematical causes. The plaintiff must show that his injuries resulted from some cause, which was not one of the hazards incident to the business. (*Minty v. Union Pac. Ry. Co.,* 2 Ida. 471, 21 Pac. 660, 4 L. R. A. 409.)

A master is not required to furnish the servant with a safe place to work as against a danger, which is temporary and arises from the risks and hazards of the work itself and which is known to the servant. In such a case the servant assumes the risk. (*Rippetoe v. Feely,* 20 Ida. 619, 637, 119 Pac. 465; *Davis v. Trade Dollar Consol. Min. Co.,* 117 Fed. 122, 54 C. C. A. 636; *Armour v. Hahn,* 111 U. S. 313, 4 Sup. Ct. 433, 28 L. ed. 440; *Koontz v. Chicago etc. R. R. Co.,* 65 Iowa, 224, 54 Am. Rep. 5, 21 N. W. 577; *McKee v. Chicago etc. Ry. Co.,* 83 Iowa, 616, 50 N. W. 209, 13 L. R. A. 817; *Lowe v. Oak Point etc. Lumber Co.,* 75 Wash. 518, 135 Pac. 219; Labatt, Master and Servant, sec. 269.)

A recovery on the part of the servant is denied where it appears that the servant himself selected the course of action which led to the injury complained of. (Labatt, Master and

Servant, sec. 258; *Hanson v. Shipley,* 71 Wash. 632, 129 Pac. 377.)

The act of the plaintiff in deliberately stepping toward the log and then stepping upon it was the cause of his injuries. No ordinarily prudent man familiar with that kind of work, as the plaintiff was, would have done what the plaintiff did under the circumstances, and this is the test of contributory negligence.    (*Rippetoe v. Feely,* 20 Ida. 637, 119 Pac. 465; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794; *Lowe v. Oak Point etc. Lumber Co., supra.*)

O. J. Bandelin and Geo. M. Ferris, for Respondent.

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury.    It is only where the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered as one of law for the court."    (*Calkins v. Blackwell Lumber Co.,* 23 Ida. 141, 129 Pac. 435; *Texas etc. R. Co. v. Gentry,* 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. ed. 186; *Staab v. Rocky Mt. Bell Tel. Co.,* 23 Ida. 314, 129 Pac. 1078.)

It is a positive duty which the master owes to an employee not only to provide him with a reasonably safe place in which to work—so far as the nature of the work undertaken and the exigencies of the case will permit the same to be made reasonably safe—but also to observe such care as will not expose the employee to perils and dangers which may be guarded against by reasonble care and diligence.    (*Myrberg v. Baltimore etc. Min. Co.,* 25 Wash. 364, 65 Pac. 539.)

As to whether the negligence charged was the proximate cause of the injury was clearly a question for the jury. (*Pilmer v. Boise Traction Co.,* 14 Ida. 341, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.)

Where the injury would not have happened but for unknown defects, the servant is not held to have been guilty of contributory negligence.    (*Missouri Pac. Ry. Co. v. Somers,*

78 Tex. 439, 14 S. W. 779; *Maloney v. Winston Bros. Co.,* 18 Ida. 748, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Westerlund v. Rothschild,* 53 Wash. 626, 102 Pac. 765.)

Defects in the instrumentality are not among the risks assumed, and employee was not guilty of contributory negligence in failing to make an inspection. (*De Maries v. Jameson,* 98 Minn. 453, 108 N. W. 830.)

A servant is not necessarily chargeable with negligence because he failed to select the best means of security in that emergency. (*Carscallen v. Coeur D'Alene etc. Transp. Co.,* 15 Ida. 444, 98 Pac. 622, 16 Ann. Cas. 544; *Wheeler v. Oregon R. & Nav. Co.,* 16 Ida. 375, 102 Pac. 347; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; 1 Labatt on Master and Servant, p. 929, sec. 358.)

When the question of contributory negligence is presented, and there is a conflict in the evidence, the jury are the exclusive judges of the weight and preponderance of the evidence and may determine for themselves as to whether the defense of contributory negligence has been made out. (*Staab v. Rocky Mt. Tel. Co., supra; Rippetoe v. Feely,* 20 Ida. 635, 119 Pac. 465.)

AILSHIE, C. J.—This action was instituted by the plaintiff in the lower court for the recovery of damages for personal injuries resulting from the alleged negligence of the defendant. The plaintiff received his injuries while "decking" logs. It appears that the plaintiff, who is respondent in this court, was a log decker, and was set to work by appellant decking sawlogs while the logs were being hauled upon the deck by means of a team attached to a long chain, and the logs were thus being elevated to the deck by a method called "cross-hauling." The team was driven by another employee of the appellant. While the logs were being hauled up the skidway to the deck, it was the duty of respondent to signal the teamster whenever he desired the team to stop, and it was the duty of the teamster to stop on the signal from the man on the deck.

The grounds of negligence charged are, (1st), that the teamster employed by appellant was deaf, and could not, and did not, hear the signal to stop; and, (2d), that the ground over which the team had to travel in hauling the logs on to the deck was so muddy, swampy and in such a dangerous condition as not to afford the team sure or safe footing, which resulted in irritating the team and rendering them unmanageable, and making it impossible to stop them promptly on giving the signal.

In hauling a log on to the deck, after the deck had been built to a height of about sixteen feet, one end of the log moved up the skidway faster than the other, pointing crosswise of the deck, which is called by lumbermen "gunning." The respondent claims that he gave two or three signals to the driver to stop, but that the driver either failed to hear the signal, or neglected or was unable to stop the team, and so they kept going, and respondent, in his effort to get out of the way of the log, was thrown off the deck, receiving severe injuries, for which this action has been prosecuted.

The case was tried to a jury and a verdict rendered in favor of the respondent, and this appeal was thereupon prosecuted. It is contended that the evidence fails to disclose any negligence on the part of the appellant and that, on the contrary, the respondent both assumed the risk and was guilty of contributory negligence.

If we were adjudging this case in the capacity of jurors for the purpose of weighing the evidence and determining the preponderance of the evidence, we are inclined to the opinion that upon the record as it comes to us on appeal we should conclude that the respondent both assumed the risk and so contributed in negligent acts as to bar a recovery. We are mindful, however, of the fact that in this case there must have been some circumstances and conditions which confronted the jury and trial court which we cannot see or learn from a record. There is also some evidence in the record which may be considered material and substantial that would support such a verdict. In our opinion, there is sufficient in this case to bring it within the rule this court has announced

in *Adams v. Bunker Hill etc. Min. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844, *Carscallen v. Coeur d'Alene etc. Transp. Co.*, 15 Ida. 444, 98 Pac. 622, 16 Ann. Cas. 544, *Wheeler v. Oregon R. & Nav. Co.*, 16 Ida. 375, 102 Pac. 347, *Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634, *Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9, *Staab v. Rocky Mt. Tel. Co.*, 23 Ida. 314, 129 Pac. 1078, and *Calkins v. Blackwell Lumber Co.*, 23 Ida. 128, 129 Pac. 435.

The question argued by appellant that respondent was at fault in that he received the injury while attempting to "square" the log by throwing his weight on it when it was "gunning" is not a controlling question here. This question went to the jury, and they evidently thought the respondent did not act negligently or recklessly. The jury may have concluded that the team used on the "cross-haul" was not a safe team or that the driver was deaf and that the employer was negligent in furnishing such a team or such a driver, or in both respects. These reasons were advanced by respondent as grounds of negligence on the part of the employer.

We find no error in the giving or refusing to give instructions.

The judgment is affirmed. Costs awarded in favor of respondent.

Sullivan, J., concurs.