**RICHMAN v. MULCAHY & GIBSON, Inc., To Use Of NATIONAL SURETY CO.**

(Circuit Court of Appeals, Third Circuit. January 26, 1921. Rehearing Denied March 3, 1921.)

No. 2601.

1. **Judgment ⬉⇒942—In action on judgment of state court, it is assumed that party was properly substituted as plaintiff in state court, though record contains no specific order.**

   In an action at law in a federal court of a district in one state on a judgment obtained in the court of another state, the judgment against the defendant as substituted plaintiff on a counterclaim in the state court must stand, although the judgment roll from the state court contains no specific order of substitution, as in the absence of proof to the

contrary the recitals and decree must stand above unsubstantiated attack.

**2. Trial ⟨key⟩177—Both parties concluded by finding of court on joint request for finding.**

Action of the parties in praying the court for binding instructions in their favor, respectively, on a matter involving a fact, was equivalent to a joint request for a finding of fact by the court, and when the court, acting upon such request, directed the jury to find for one of the parties, both are concluded by its finding.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. W. Thompson, Judge.

Action at law by Mulcahy & Gibson, Incorporated, to the use of the National Surety Company, against Joseph A. Richman on a foreign judgment. Judgment for plaintiff (265 Fed. 733), and defendant brings error. Affirmed.

Paul Reilly and William W. Mentzinger, Jr., both of Philadelphia, Pa., for plaintiff in error.

C. Wilfred Conard and Conard, Middleton & Orr, all of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BODINE, District Judge. Mulcahy & Gibson, a corporation of the state of New York, to the use of National Surety Company, brought an action in the United States District Court for the Eastern District of Pennsylvania against Joseph A. Richman, a citizen and resident of the state of Pennsylvania upon a judgment obtained in the Supreme Court of the state of New York. The exemplified copy of the judgment record, upon which the suit was predicated, introduced in evidence at the trial, shows that Charles Somberg commenced a suit in the Supreme Court of the state of New York against Mulcahy & Gibson and others upon a written contract assigned to him by Richman. Mulcahy & Gibson filed a counterclaim, based upon an alleged liability of Richman to them. The issue raised by these pleadings, as appears from the decision and notice of filing entered in the New York court, was tried by the court, without a jury, for a period of five days. The decision and notice are captioned in the cause, and show Joseph A. Richman as substituted plaintiff, in place of Charles Somberg, plaintiff, and after naming the counsel appearing for Richman, and after reciting the acts done by Joseph A. Richman and the acts done by Mulcahy & Gibson, Incorporated, awards a judgment against said Richman. The judgment, as entered, likewise shows in the caption Joseph A. Richman as substituted plaintiff in place of Charles Somberg, and orders in formal language that Mulcahy & Gibson do recover a judgment against the plaintiff, Joseph A. Richman, naming him, upon the counterclaim pleaded.

[1] So much of the judgment roll in the Supreme Court has been referred to, for the reason that counsel for the plaintiff in error argued in this court that the judgment in the Supreme Court of the

state of New York was entered without notice to Richman and without his appearing in the cause. These assertions are at variance with the recitations in the New York proceedings, and although the proceedings in New York nowhere contains a specific order of substitution, the proceedings are of such a character that, if full faith and credit is to be given to them, it necessarily follows that, in the absence of proof to the contrary, the recitals and decrees must stand above unsubstantiated attack.

At the trial, the plaintiff rested upon proving an exemplified copy of the judgment roll in the New York action. The defendant, having offered in evidence the charter of the National Surety Company, for the alleged purpose of showing the limit of its corporate powers, rested. The learned trial judge directed a verdict for Mulcahy & Gibson on the judgment obtained in the state of New York. The errors assigned relate to this action.

A presumption naturally arises in favor of the validity of a judgment obtained in the courts of another jurisdiction; the plaintiff having offered in evidence the judgment roll, and the defendant having failed to offer any evidence affecting the validity, or, indeed, that neither personally nor by counsel did he have a hearing, there was no evidence upon which the trial judge could do otherwise than direct a verdict for the plaintiff.

[2] The action of the parties (in praying the court for binding instructions in their favor respectively on a matter involving a fact) was equivalent to a joint request for a finding of fact by the court, and when the court, acting upon such request, directs the jury to find for one of the parties, both are concluded on its finding. Beutell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Williams v. Vreeland, 244 Fed. 346, 353, 156 C. C. A. 632.