Pearlman v. Snitzer.

---

ISRAEL PEARLMAN, APPELLEE, V. JOHN N. SNITZER, APPELLANT.

FILED MAY 8, 1924. No. 22678.

1. **Trial:** MOTIONS FOR DIRECTION OF VERDICT. When the evidence of the parties in a law action has been submitted to the jury and each party moves for a directed verdict, this constitutes a sub-

mission of the case both as to fact and law to the trial court for decision.

2. **Principal and Agent: Duty of Agent.** The law imposes upon an agent the duty of disclosing to his principal every material fact known to him which is the subject of the agency.

3. **Brokers: Commissions.** Where an agent for the sale of real estate to another withholds from his principal material facts pertaining to the sale of the property, such conduct renders the contract voidable and the agent cannot recover any commission.

4. **Interest: Money Wrongfully Withheld.** Where an agent wrongfully withholds money belonging to his principal, such agent is chargeable with interest at the rate of 7 per cent. per annum for the time the money was so withheld.

Appeal from the district court for Douglas county: William A. Redick, Judge. *Affirmed in part, and reversed in part.*

*Charles W. Haller,* for appellant.

*Will H. Thompson & Son, contra.*

Heard before Morrissey, C. J., Letton, Dean and Day, JJ.

Dean, J.

It appears that plaintiff died since this action was appealed to this court. Therefore, on application of plaintiff's estate, it is ordered that the action be and it hereby is revived in the name of William Pearlman, administrator.

On and before November 4, 1914, plaintiff's decedent owned a house and lot in Omaha which he was desirous of selling. The plea is that defendant, while acting as agent under a verbal authority to procure a buyer, fraudulently induced Mr. Pearlman to sign an agency contract for the sale of the property, and that, when it was sold, he withheld $500 of the purchase price as his commission notwithstanding the fraud.

This action was brought to recover the money so withheld. When the evidence was submitted both parties moved for a directed verdict. This submitted

the case both as to fact and law to the trial judge for deci-
sion.   The court, pursuant to the foregoing motions, dis-
charged the jury and rendered judgment for plaintiff, from
which defendant has appealed.  A cross-appeal was filed by
plaintiff from the court's disallowance of 7 per cent. in-
terest from the date when defendant obtained the money
in question until the date of the judgment.

The parties rely on section 2456, Comp. St. 1922, which
provides:

"Every contract for the sale of lands, between the owner
thereof and any broker or agent employed to sell the same,
shall be void, unless the contract is in writing and sub-
scribed by the owner of the land and the broker or agent,
and such contract shall describe the land to be sold, and
set forth the compensation to be allowed by the owner in
case of sale by the broker or agent."

This statute was enacted in 1897 to meet the pressing
need of real estate owners for protection against such per-
sons as might pretend to have a verbal contract for the
sale of the lands of such owners and who would not hesi-
tate to attempt to uphold such contract by the presentation
of false testimony.  In brief the object of the act is to pro-
tect a real estate owner from the fictitious claim of a per-
son who, without the owner's authority, might claim to be
entitled to a commission as a selling agent.  It is obvious
that this meritorious act cannot be invoked for the en-
forcement of a contract if it is shown that fraud inheres
therein.

The written contract in suit is dated November 4, 1914,
and, by its terms, plaintiff gave to defendant an exclusive
agency to sell the property within five days for $8,500 net
to plaintiff, defendant to receive, as his commission for the
sale, all that was realized over that sum.  Immediately fol-
lowing plaintiff's signature, the contract concludes with
these words: "I accept the above agency and agree to use
my best efforts to obtain a purchaser under the same.  John
N. Snitzer, Agent."

Just before defendant signed the contract he told plaintiff,

in answer to a direct inquiry, that he had not yet obtained a customer. But the answer did not reflect the fact. He had already obtained a customer, who had agreed to purchase the property for $9,000. Subsequently, upon consummation of the sale at that price, and within the specified five days, the purchaser paid to plaintiff's agent, defendant herein, as a part of the purchase price, the $500 which is in controversy here.

Defendant contends that he withheld the money from plaintiff on the alleged ground that he is entitled thereto as his commission pursuant to the terms of the contract. He seeks to justify his conduct on the theory that he was not plaintiff's agent until the written contract was signed by the parties, and that he was not therefore bound to disclose to his principal the $9,000 offer which he had already obtained for his property.

The contention cannot be upheld under any theory known to the law of real estate agency as it exists in Nebraska. In passing it may be noted incidentally, and only so, that the regular agency commission on a sale of real estate for $9,000, as disclosed by the record, is 5 per cent. on the first $5,000 and 2½ per cent. on the remainder. So that it plainly appears that plaintiff's commission would amount to $350 if the transaction was lawful and regular in all other respects. It is therefore apparent that on the face of the record defendant's gain would approximate $150 over the regular commission if he should be permitted to retain the $500 which he withheld. But this is only incidental to the main inquiry.

That defendant was plaintiff's agent, under a verbal contract, to procure a purchaser for the property plainly appears. The relationship between the parties, even before the written contract was executed, clearly constituted an agency. That is to say, defendant obtained plaintiff's confidence and was entrusted with his business. He was authorized to act for him and in his place. It follows that he owed to his principal the utmost good faith in all that he did. It is elementary that the law imposes upon an agent

the duty of disclosing to his principal every material fact in the transaction which is the subject of the agency. But defendant did not fulfil this fundamental requirement. Before his principal signed the contract defendant withheld from him the material fact, upon inquiry, that he had already obtained a purchaser and also all knowledge of the price which the purchaser agreed to pay. In view of the relationship between the parties this showed bad faith. And so the transaction, on defendant's part, was fraudulent from its inception.

True, under section 2456, Comp. St. 1922, defendant could not have collected a commission from plaintiff unless he first obtained from him a contract in writing which described the property and fixed the compensation. But defendant's concealment of one or more material facts, which he was in good faith bound to disclose, with or without inquiry, tainted the transaction with fraud. Hence, under the familiar rule that fraud vitiates the validity of every contract into which it enters, it follows that the contract in suit is unenforceable. The vitally controlling point is that defendant, as plaintiff's agent, failed to disclose to his principal all material facts, which in law and in good conscience he was bound to disclose.

Of course defendant would have been clearly within his rights if he had merely withheld knowledge of the identity of the proposed purchaser. But that is not the case before us and this feature need not be further noticed.

In an opinion by Commissioner Ryan this salutary rule was announced: "A commission cannot be collected by the agent for his services as such if he. has.wilfully disregarded, in a material respect, an obligation which the law devolves upon him by reason of his agency." *Jansen v. Williams*, 36 Neb. 869.

In *Stewart v. Wyoming Cattle Ranche Co.*, 128 U. S. 383, the supreme court of the United States said: "Although silence as to a material fact is not necessarily, as matter of law, equivalent to a false representation, yet concealment or suppression by either party to a contract of sale, with

intent to deceive, of a material fact which he is in good faith bound to disclose, is evidence of, and equivalent to, a false representation." In the body of the opinion, at page 388, the court said that the concealment or suppression of a material fact "is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party."

The judgment, as it now stands, draws interest from the date when it was rendered in the district court at 7 per cent. per annum. But the court refused to allow interest to plaintiff from the date when defendant withheld the money, which unlawfully came into his possession, until the date of the judgment. We think this was error. The money was from the first unlawfully withheld. Plaintiff is therefore entitled to interest at the rate of 7 per cent. per annum from the date when defendant received it, in addition to the interest allowed by the court. It is therefore ordered that the interest so omitted, be added to the judgment. Section 2837, Comp. St. 1922.

Except as to the above mentioned disallowance of interest, the judgment is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

Note—See Agency, 2 C. J. p. 714, sec. 369; Brokers, 9 C. J. p. 567, sec. 67; Interest, 33 C. J. p. 202, sec. 58; Trial, 38 Cyc. p. 1583.