Submitted on briefs April 8, affirmed May 27, rehearing denied
June 24, 1924.

# CHARLES C. BANFIELD, H. W. BANFIELD AND H. J. BANFIELD *v.* D. O. CRISPEN, ELLEN CRISPEN, JAMES SMITH, MAMIE A. DENNY AND W. J. BOONE.

### (226 Pac. 235.)

**Trial—Refusal of Directed Verdict Proper Where There was Issue of Fact.**

1. Where jury might have found verdict either for plaintiffs or defendants, it was proper, on motion of one party for directed verdict, for trial judge to refuse to decide issue of fact and submit it to jury.

**Trial—Where Both Parties Move for Directed Verdict, Trial Judge must Assume Responsibility of Deciding.**

2. Where both parties move for directed verdict, it is trial judge's duty to assume responsibility of directing verdict.

**Appeal and Error—Verdict on Conflicting but Competent Evidence not Disturbed.**

3. A verdict on conflicting but competent evidence will not be disturbed on appeal.

**Appeal and Error—Party Complaining of Refusal to Direct Verdict Requested by Both Parties must Show Verdict of Jury Incompatible With Testimony.**

4. Notwithstanding trial court may have been remiss in duty to direct verdict at request of both parties, unless party complaining can point out that jury's verdict adopted by trial court was incompatible with testimony, judgment cannot be overturned.

**Appeal and Error—Verdict must Stand if Sustained by Evidence, Though Both Parties Moved for Directed Verdict.**

5. Where whole issue of law and fact was submitted to trial judge by both parties by motions or directed verdicts, although he first submitted question of fact to jury, since he adopted verdict as his own and incorporated same in judgment, it will be sustained if supported by evidence.

**Mines and Minerals—Instruction on Proof of Locations Held not Misleading.**

6. In view of Section 136, Or. L., and Act Cong. Aug. 24, 1921 (U. S. Comp. Stats. Ann. Supp. 1923, § 4620), requiring assessment work on mineral claims to commence July 1st after date of location, instruction *held* not to lead jury to understand that certified copies of records of location notices were sufficient in themselves to prove that location work was done.

Mines and Minerals—Failure to Comply With Statute Does not
   Authorize Reclamation if Locator has Resumed Work.
   7.   While under Act Cong. Feb. 24, 1921 (U. S. Comp. Stats. Ann.
Supp. 1923, § 4620), upon failure to comply with conditions concern-
ing monuments, marking boundaries, and performing labor each
year on mining claims, claims become open to relocation as if no
location had ever been made, if original locator resumes work reloca-
tion is unauthorized.

From Douglas: J. W. HAMILTON, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names
of *Mr. Guy Gordon* and *Mr. Carl E. Wimberly.*

For respondents there was a brief over the names
of *Messrs. Schulderman & Mitchell* and *Mr. George
Neuner, Jr.*

BURNETT, J.—This is an action to recover the
possession of nine certain mining claims in Douglas
County to five of which the defendants, answering
severally, claim to be entitled. The plaintiffs allege
that one of them, H. W. Banfield, and one Henry
Banfield, now deceased, were entitled at the death of
the latter to the possession of the nine claims; that
Henry Banfield died May 29, 1922, and the three
plaintiffs are his sole heirs at law, succeeding thereby
to his possessory title in the mines and that about
December 30, 1922, the defendants entered upon the
mining property without right or title and ever since
then have withheld the same from the plaintiffs.
Each defendant answers claiming to be entitled to the
possession of a separate claim and sets up in detail
the acts each performed in locating the mine. The
reply challenges each answer.

At a jury trial, after the conclusion of all the evidence, the plaintiffs and defendants alike, moved the court to direct a verdict in favor of the moving party. The court declined to do this and referred the issue to the jury as in ordinary jury cases. The verdict was rendered for the plaintiffs and the court entered judgment accordingly, from which the defendants appeal.

There are but two assignments of error which read thus:

"First, that the Court erred in denying defendants' motion for a directed verdict;

"Second, that the Court erred in its instructions to the jury regarding the mining location notices of H. Banfield and H. Wm. Banfield dated March 21, 1922, in that said instructions were misleading, and led the jury to understand that the certified copies of the records of said location notices, with the affidavits of the location work attached, were sufficient in themselves and without any other evidence to prove that the location work had been done."

1. Considerable space in the briefs is devoted to the argument that when both parties move for a directed verdict, it amounts to a waiver by both of them of jury trial and imposes upon the trial judge the duty of deciding the whole issue, both of law and of fact, embodying the latter in a direction to the jury to render a verdict for one of the parties. The assignment of error is not that the court refused to decide the question in full but that it denied the defendants' motion for a directed verdict. The criticism is framed as if the defendants alone moved for such a verdict. In that view it is enough to say that there is a dispute in the testimony in material particulars. The witnesses do not agree in their stories and hence there was an issue of fact to de-

termine. In other words, there was testimony from which the jury might have found a verdict for the plaintiffs or for the defendants and therefore it was well within the bounds of propriety that on the motion of but one party, as the assignment indicates, the judge refused to decide the issue of fact but submitted it to the jury.

2, 3. There are many cases in which directed verdicts have been upheld where both parties move for such direction and more than once we have said that it is the duty of the trial judge to assume the responsibility of directing a verdict when it is thus cast upon him by both parties. There is one feature common to all verdicts, whether directed by the court or rendered by the jury as in ordinary jury trials. It is that if there is any competent testimony to sustain the verdict, it will be upheld. On the contrary, if there is no testimony upon which such a verdict lawfully could be based, it will be set aside on proper application. Applying this canon to the verdict in this case, we find that there is competent testimony tending to sustain the verdict for the plaintiffs; and it may also be remarked that there is testimony tending to sustain the contention of the defendant. That is as far as our quest extends. It is not for us here to reconsider the question of fact and revise the decision of the court based upon the verdict rendered.

4, 5. It may also be said that although the court might have been remiss in the duty enjoined upon it by former decisions in failing to direct the verdict at the request of both parties, yet unless the party complaining here can point out that the verdict returned by the jury and adopted by the trial court in the rendition of its judgment was incompatible with the testimony and can thus put a finger on the actual er-

ror, the judgment cannot be overturned. The whole issue of both law and fact having been voluntarily submitted to the trial judge by both parties, it is plain that although in the first instance he had submitted the question of fact to the jury, yet being thus equipped with authority, he might, when the jury returned its verdict, have set it aside and directed them to render a contrary verdict. What actually occurred as depicted by the record is that the judge adopted the verdict returned by the jury as his own and incorporated it in the judgment rendered. It amounts to the same thing in the end as if he had mandatorily directed the jury to return a verdict for the plaintiffs. In short, while we have often sustained judgments rendered upon verdicts directed at the instance of both parties, we are not yet prepared to overturn a judgment circumstanced as the one in hand, where there is any testimony to sustain the verdict. In other words, the verdict in hand meets the test common to all verdicts whether directed or otherwise, that it must stand if there is any testimony to sustain it.

6. The charge of the court complained of in the second assignment of error is not amenable to the objection urged. In speaking of the location notices the court said:

"I instruct you that so far as the discovery work is concerned that attached to these several notices or evidence of the discovery work, and that being done why they were recorded under the statute as they are permitted to be and that that would be the only evidence that was necessary so far as framing the notices to be recorded under the law."

By this excerpt, under sanction of Section 136, Or. L., the judge construed the location notice and declared it legally sufficient in form, but essayed noth-

ing further on that point.   On the contrary, he then proceeded to point out the necessity of marking out the boundaries and establishing monuments, requiring the plaintiffs to prove the same.

The plaintiffs gave evidence of a location of the nine claims on March 21, 1922.   The defendants claim under a location on December 30, 1922, all on alleged unoccupied government land.   According to Chapter 84, Volume 42, part 1, Public Laws, United States Statutes at Large, the year within which work required to be done annually on all unpatented mineral claims since May 10, 1872, shall commence at 12 o'clock meridian on the first day of July succeeding the date of location of such claim.   Based on the location of March 21, 1922, the plaintiffs were allowed during the year beginning July 1, 1922, and ending July 1, 1923, at meridian, within which to perform such annual labor.   During that period their possession could not lawfully be disturbed by anyone seeking to jump the claims.   Consequently, the defendants were without lawful right in going upon the property on December 30, 1922.

7. Moreover, according to Section 2324, Federal Statutes Annotated, the rule is that upon failure to comply with the conditions concerning the erection of monuments, marking out the boundaries and performing the labor each year on mining claims, they shall be rendered open for relocation as if no location had ever been made,

"Provided that the original locators, their heirs, assigns or legal representatives have not resumed work upon the claim after failure and before such location."

There is testimony in the record that before the defendants had relocated the claims, if indeed they

were otherwise entitled to do so, an employee of the plaintiffs had resumed work upon the mines. The principle is that while failure to perform the necessary assessment work annually will render the claims liable to location by other parties, yet if before such new location is made the original locator shall resume his labors, it will be enough to forestall the attempt of other parties to jump the claim. There was enough testimony in the record to authorize the jury to base a conclusion for the plaintiffs on such a situation.

The judgment of the Circuit Court is affirmed.

AFFIRMED.    REHEARING DENIED.