(June 3, 1925.)

OREGON SHORT LINE RAILROAD COMPA: Y, a Corporation, Appellant, v. THE MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a Corporation, Respondent.

[237 Pac. 281.]

INSTRUCTED VERDICT—REQUEST BY BOTH PARTIES—EFFECT OF—APPEAL AND ERROR—VERDICT OR FINDINGS.

1. Where both parties respectively move for an instructed verdict and do no more, they thereby assume the facts to be undisputed, and, in effect, submit to the trial court the determination of the inferences proper to be drawn from them.

2. Where both parties request a peremptory instruction and no other instructions, the court's direction of a verdict for one of the

Publisher's Note.

1. Effect of request by both parties for direction of verdict, see notes in 6 Ann. Cas. 545; 13 Ann. Cas. 372; Ann. Cas. 1913C, 1342.

parties is a finding of fact which concludes both parties as effectually as if such fact had been found by the jury.

3. Where at the conclusion of the evidence in a case each party requests the court to instruct the jury to render a verdict in its favor, and the party whose request is denied does not request to go to the jury upon the facts, the verdict so rendered should not be set aside, unless clearly against the weight of the evidence.

4. The verdict of a jury or finding of a court will not be set aside where there is substantial evidence to support the same, though such evidence be negative in character.

5. If from the testimony the jury might have found a verdict for the plaintiff or for the defendant, where both parties request an instructed verdict in their favor, the finding of the trial court in favor of one or the other will not be disturbed.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. O. R. Baum, Judge.

Action for damages.   Directed verdict for defendant.   *Affirmed.*

George H. Smith, H. B. Thompson and John O. Moran, for Appellant.

Where a plaintiff makes a *prima facie* case and defendant offers nothing in rebuttal, the duty of the court, upon both sides resting, is to direct a verdict for plaintiff.   (Second Decennial Digest, "Trial," secs. 141, 170; *Sim's Admr. v. C. & O. R. Co.*, 140 Ky. 241, 130 S. W. 1081; 26 R. C. L. 1073.)

It is the duty of the trial judge to direct a verdict at the close of evidence, whenever it is wholly undisputed, or but a single inference can be drawn therefrom by reasonable men, so that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict returned in opposition thereto.   (*Empire State Cattle Co. v. Atchison, T. & S. F. R. Co.*, 210 U. S. 1, 28 Sup. Ct. 607, 52 L. ed. 931.)

Publisher's Note.
4. Duty of trial court to set aside verdict as contrary to evidence, see notes in 2 Ann. Cas. 762; Ann. Cas. 1912D, 1226.

Budge & Merrill, for Respondent.

Where both parties make a motion for a directed verdict it is equivalent to a submission of the cause to the court for determination of the inferences to be drawn from the evidence and his finding will be regarded by the appellate court in the same light as the verdict of a jury and will not be set aside unless clearly erroneous. (*First Nat. Bank v. Hayes*, 64 Ohio St. 100, 59 N. E. 893; *Fifty Associates v. Quigley*, 56 Mont. 348, 185 Pac. 155; *Bank of Commerce v. U. S. F. & G. Co.*, 58 Mont. 236, 194 Pac. 138; *Share v. Coates*, 29 S. D. 603, 137 N. W. 402; *Van Woert v. Modern Woodmen*, 29 N. D. 441, 151 N. W. 224.)

GIVENS, J.—This action was instituted by appellant to recover $3,045.67 as damages alleged to have been occasioned to a locomotive, roadbed and equipment in consequence of the engine having been derailed by a large rock encountered on the track in a cut a slight distance east of Glenns Ferry, Idaho, June 4, 1921, which rock, it is claimed, came on the track in consequence of an employee of the defendant telephone company dislodging the same in the course of his employment, when proceeding, and so he could continue, in an automobile on an abandoned road on the hillside parallel with and approximately 200 feet above the tracks, the slope between being about one to one; that the telephone company's employee negligently and in reckless disregard of the railroad company's rights rolled the rock down the hillside, which allegations were denied by the telephone company.

At the conclusion of plaintiff's testimony, the defendant offering no testimony, each side respectively moved for an instructed verdict in their favor and respondent's motion was granted, to which ruling appellant excepted. Thereafter a motion for a new trial was made, which was denied and the present appeal taken therefrom.

Appellant assigns as error the action of the court in directing the verdict in favor of defendant and in denying

appellant's motion for a directed verdict and in overruling the motion for a new trial.

Neither immediately after both parties had asked for an instructed verdict nor after the court had granted respondent's request for a directed verdict did appellant request that the matter be submitted to the jury.

It is to be noted that appellant does not complain because the court did not present the case to the jury, only that the court improperly granted respondent's request instead of appellant's request for an instructed verdict.

The only testimony adduced by appellant with reference to how the rock came to be on the track except as to marks indicating it had rolled down the hill, or who or what caused it to roll, was given by the employee of the telephone company, who drove the automobile referred to. He stated he stopped his car as he was going up the road because there were some rocks piled in the road, and in response to the question, "After you had stopped your car for a brief time you again got in and resumed your driving and went on toward the trouble," he answered, "Yes, sir. . . . . Possibly a quarter or half a mile," and further stated that when he returned later he found that the train had run into a rock and been damaged, and that he had driven the road many times.

"Here, both parties, on the termination of the evidence in the case, made similar requests,—the plaintiff for a verdict in its favor, and the defendants for a verdict in their favor; both parties in this way voluntarily submitting the case to the court for its determination upon the evidence. In *Beutell v. Magone,* 157 U. S. 154, 15 Sup. Ct. 566, 39 L. ed. 654, where like requests had been made, the justice delivering the opinion says: 'This was necessarily a request that the court find the facts, and the parties are therefore concluded by the findings by the court, upon which the resulting verdict was given.' In *Thompson v. Simpson,* 128 N. Y. 270, 28 N. E. 627, where, upon the conclusion of the evidence, each party had asked the court to direct a verdict in his favor, and the court thereupon directed a verdict for the

defendant, the court said: 'The effect of a request by each party for a verdict in his favor clothed the court with the function of a jury, and it is well settled that in such case, where the party whose request is denied, does not thereupon request to go to the jury upon the facts, a verdict directed for either party stands as would the finding of a jury for the same party in the absence of any direction; and the review in this court is governed by the same rules as in ordinary cases rendered without direction.'' The question seems new in this state, and is so possibly from the fact that it will seldom happen that at the close of the evidence each party will move the court for the direction of a verdict in his favor. But it seems comformable to reason that, where it is done, each party must have intended to submit the case to the court for its finding upon the facts as well as the law; and when, as in this case, the party against whom the verdict is rendered does not ask to have the case submitted to the jury, he cannot be heard to say there was error because there was some evidence tending to support the issue in his favor. In such case the finding of the jury in accordance with the instruction of the court should be given the same consideration as if it had been rendered without such instruction. See, also, the following cases: *Trustees v. Vail*, 151 N. Y. 463, 467, 45 N. E. 1030; *Clason v. Baldwin*, 152 N. Y. 204, 46 N. E. 322; *Mascott v. Insurance Co.*, 69 Vt. 116, 37 Atl. 255; *New England Mortg. Security Co. v. Great Western Elevator Co.*, 6 N. D. 407, 71 N. W. 130.

The question, then, presented by the record is, not whether there was any evidence to support the plaintiff's claim, but whether, upon the evidence adduced, the finding should have been for the defendant. And the question must be determined as if the case had been submitted to the jury upon the issues joined, without a direction to return a verdict for the defendant; for it is in fact the finding of the court upon the evidence submitted to it by the act of the parties that is to be reviewed, and not whether there was some evidence tending to support the plaintiff's claim; for, as already observed, the omission of the plaintiff, after

the court had directed a verdict for the defendant, to ask it to submit the case to the jury, must be taken as a waiver of its right to have the jury pass upon the evidence. And it is more than probable that this was not a mere oversight, and that it was omitted for the reason it is probable the jury would have rendered the same verdict the court had already directed on the motion of the plaintiff. Was, then, the verdict rendered upon the instruction of the court so clearly against the weight of the evidence that it should be set aside, and a new trial granted?'' (*First Nat. Bank v. Hayes,* 64 Ohio St. 100, 59 N. E. 893.)

The above statement is clear and concise as to the rule to be applied in the case herein and is supported by the overwhelming weight of authority as appears from, among others, the following: *Vinson v. Wooten,* 163 Ark. 170, 259 S. W. 366; *A. M. Collins Mfg. Co. v. Lawrence County Bank,* 164 Ark. 133, 261 S. W. 27; *Continental Casualty Co. v. Klinge* (Ind. App.), 144 N. E. 246; *Pearlman v. Snitzer* (Neb.), 198 N. W. 879; *Goings v. Davis* (Ind. App.), 141 N. E. 473, 143 N. E. 174; *Splain v. Goodrich Rubber Co.,* 290 Fed. 275, 53 App. D. C. 300; *Union Electric Steel Co. v. Imperial Bank of Canada,* 286 Fed. 857; *Cascade Auto Co. v. Petter,* 72 Colo. 570, 212 Pac. 823; *Richman v. Mulcahy and Gibson,* 269 Fed. 786; *Mulcahy and Gibson v. Richman,* 265 Fed. 733; *Security Life Ins. Co. v. Bates,* 144 Ark. 345, 222 S. W. 740; *Durham v. Stuyvesant Ins. Co.,* 112 Misc. Rep. 440, 182 N. Y. Supp. 887.

"An exception to an order directing a verdict presents no question for review, except the legal sufficiency of the evidence to sustain the verdict directed. Questions of credibility of witnesses, and of inferences to be drawn from evidence, are deemed submitted to the court by motions of both parties; and the directed verdict has like effect as does a verdict returned by the jury. (*Sundling v. Willey,* 19 S. D. 293, 9 Ann. Cas. 644, 103 N. W. 38; *Farnam v. U. S. Express Co.,* 25 S. D. 96, 125 N. W. 575.)'' (*Share v. Coats,* 29 S. D. 603, 137 N. W. 402.)

"Where each party requests the direction of a verdict in his favor, and he whose request is denied does not thereupon ask to go to the jury, a verdict for the other party stands as the finding of a jury, and is reviewed under like rules." (*Trustees of Town of Easthampton v. Vail*, 151 N. Y. 463, 45 N. E. 1030.)

As indicated in *First Nat. Bank v. Hayes, supra,* the question is, was the verdict rendered so clearly against the weight of the evidence that it should be set aside and a new trial granted? The situation is not as if a motion had been made for a nonsuit or an instructed verdict by respondent alone and the court had granted it; then, the question would have been, was there sufficient evidence to go to the jury; here, the case having in effect been submitted to the court for him to draw the ultimate conclusions, the question is, Is there sufficient evidence, or since here it is a negative situation, is there such a dearth of evidence on appellant's side as will support an adverse verdict?

"Again, while the weight of evidence may be with the appellant upon this question and the evidence of the respondent is negative in character, yet there is evidence of a substantial character which the jury believed and acted upon. (Sec. 4824, Rev. Codes; *Herculith Co. v. Gustafson,* 22 Ida. 537, 126 Pac. 1050.) This court should not disturb the verdict of the jury on the ground that the weight of evidence is against the verdict, neither should the court ignore evidence because negative in character. (Jones on Evidence (Ed. de Luxe), sec. 838.)" (*Denbeigh v. Oregon-Washington R. & Nav. Co.,* 23 Ida. 663, 132 Pac. 112.)

Appellant cites *Lyttle v. Harlan Town Coal Co.,* 167 Ky. 345, 180 S. W. 519, and *Barber v. Moulton Ladder Co.,* 231 Mass. 507, 121 N. E. 501, in support of the proposition that one who places a rock in such a position on a hillside that as a natural consequence it may or does roll to a point below, to the injury of another person, is charged with knowledge that the rock may roll to the bottom, or possibly farther, and bound to anticipate that it might injure persons or property below.

In *Lyttle v. Harlan Town Coal Co., supra,* the evidence disclosed that the employee of the defendant company, in order to clear a road so that he could pass, pitched a large rock, found in the road, which interfered with his travel, to the hillside just below, there it rolled down the steep hillside and struck and killed a little girl. There was thus direct and positive evidence showing that the employee was the agent who dislodged and threw the rock and caused it to roll down the hillside, and other circumstances showing culpable negligence. In the present case the most that can be said in favor of appellant's position is, as was said in *Young v. Washington Water Power Co.,* 39 Ida. 539, 228 Pac. 323, that the evidence perhaps creates a suspicion, but it does not create a reasonable inference.

*Barber v. Moulton Ladder Co., supra,* is even more clearly distinguishable on the facts than *Lyttle v. Harlan Town Coal Co., supra.*

If, from the evidence, men might reasonably differ as to the conclusions to be drawn therefrom, the finding by a jury will not be disturbed. If only one side asked for an instructed verdict, the court should instruct in favor of such party only when the only reasonable conclusion to be drawn was in its favor, or, in other words, that no other reasonable conclusion could be drawn.

It is where reasonable minds differ that the question of fact requires decision. If there are no substantial facts or there are overwhelming and undisputed facts it is a question of law, if in the borderland between, then it is a question of fact. So, conceding without deciding that the evidence would have supported a verdict in favor of appellant, we need only say that there is sufficient lack of proof as to appellant's case, to support a finding contrary to its contention—if not such a deficiency as would have warranted the court in instructing in favor of respondent if he alone had asked for an instructed verdict; it will at least support an instructed verdict in respondent's favor, since both had asked for one.

It is not necessary for us to say the jury or court could not have found the other way; the burden of proof was on appellant and the conclusion of the trial court that the burden had not been satisfied and that the correct inference from the evidence was in favor of respondent was therefore justified and will not be disturbed.

"While there may be room for conflicting inferences from this testimony, both parties without reservation requested a directed verdict and put it up to the court to pass upon whatever the record presented. There was, therefore, no error in the court's assuming to do so. (*Culligan v. Alpern,* 160 Mich. 242, 125 N. W. 20; *Germain v. Loud,* 189 Mich. 38, 155 N. W. 373; *Kyselka v. Northern Assurance Co.,* 194 Mich. 430, 160 N. W. 559.)" (*City Nat. Bank v. Price's Estate,* 225 Mich. 200, 196 N. W. 429.)

"Where both parties request a peremptory instruction and do nothing more, they thereby, in effect, submit any question of fact that may be in the case to the court, and his determination is not subject to review if there be any evidence tending to support it. (*Beutell v. Magone,* 157 U. S. 154, 15 Sup. Ct. 566, 39 L. ed. 654. See, also, *Campbell v. Willis,* 53 App. D. C. 296, 290 Fed. 271.)" (*Splain v. B. F. Goodrich Rubber Co.,* 290 Fed. 275, 53 App. D. C. 300.)

Some courts go so far as to say in *Union Electric Steel Co. v. Imperial Bank of Canada, supra:*

"Where both parties to an action at the conclusion of testimony request the court to direct a verdict, and do nothing more, they thereby declare there is no disputed question of fact, and in effect, request the court to find the facts, so that the court's finding, on which the resulting instruction of law is given, is conclusive." (*Richman v. Mulcahy and Gibson, supra.*)

It is not necessary for us to go so far; we need only decide as was done in *Banfield v. Crispen,* 111 Or. 388, 226 Pac. 235:

"There are many cases in which directed verdicts have been upheld where both parties move for such direction, and more than once we have said that it is the duty of the

trial judge to assume the responsibility of directing a verdict when it is thus cast upon him by both parties. There is one feature common to all verdicts, whether directed by the court or rendered by the jury as in ordinary jury trials. It is that, if there is any competent testimony to sustain the verdict, it will be upheld. On the contrary, if there is no testimony upon which such a verdict lawfully could be based, it will set aside on proper application. Applying this canon to the verdict in this case, we find that there is competent testimony tending to sustain the verdict for the plaintiffs; and it may also be remarked that there is testimony to sustain the contention of the defendant. That is as far as our quest extends. It is not for us here to reconsider the question of fact and revise the decision of the court based upon the verdict rendered.''

The verdict of a jury, or a finding of a court, will not be set aside where there is substantial evidence to support the same. (*Meeker v. Trappett,* 24 Ida. 198, 133 Pac. 117; *Denbeigh v. Oregon-Washington, etc., supra; Pomeroy v. Gordan,* 25 Ida. 279, 137 Pac. 888; *Swanstrom v. Frost,* 26 Ida. 79, 140 Pac. 1105; *Watkins v. Mountain Home Co-op. Irr. Co.,* 33 Ida. 623, 197 Pac. 247.)

It is unnecessary for us to enumerate the inferences which might be drawn from the testimony in this case which would support the verdict, or the lack of or deficiency in the evidence necessary to be supplied if conclusive inferences were to be drawn in favor of appellant; if there are reasonable inferences which might be so drawn, and there are, it is sufficient to warrant us in sustaining the action of the trial court.

Having reached this conclusion it is unnecessary to pass upon the other points raised in the case.

The judgment of the lower court is therefore sustained, and it is so ordered. Costs to respondent.

Wm. E. Lee and Taylor, JJ., concur.