(November 29, 1926.)

# INTERMOUNTAIN ASSOCIATION OF CREDIT MEN, a Corporation, Appellant, v. A. J. PIERCE, Respondent.

## [251 Pac. 615.]

BILLS AND NOTES — PROCUREMENT OF SIGNATURE BY MISREPRESENTATION—PRINCIPAL AND AGENT—MOTIONS FOR DIRECTED VERDICT—DEFENSE OF FRAUD NOT ESTOPPED.

1. Evidence, in action on note, *held* to present question for jury as to whether payee's agent and manager had secured signature of signer by misrepresentations.

2. Signer of note *held* entitled to rely on statements of agent and manager of payee company inducing signature and not required to investigate to ascertain whether he was being deceived.

3. Principal could not accept notes secured by agent and attempt to collect them without being bound by representations of agent made in securing their execution.

4. Motion by each side for directed verdict, one because of insufficiency of evidence to sustain defense of fraud and the other for failure of plaintiff to prove corporate existence, *held* not to preclude submitting evidence of general defense to jury.

5. Signer of note cannot be estopped to interpose defense of fraud on theory that payee was thereby prevented from taking further action to collect account.

6. Whether or not payee gave consideration for notes after their execution was not material, if fraud existed in securing notes.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. R. M. Terrell, Judge.

Publisher's Note.

3. See 21 R. C. L. 923.

4. See 26 R. C. L. 1080.

See Agency, 2 C. J., sec. 541, p. 856, n. 63.

Bills and Notes, 8 C. J., sec. 1045, p. 780, n. 34; sec. 1046, p. 786, n. 83; sec. 1382, p. 1065, n. 7.

Estoppel, 21 C. J., sec. 176, p. 1172, n. 75.

Trial, 38 Cyc., p. 1582, n. 68.

Action on four promissory notes. Judgment for defendant. *Affirmed.*

B. W. Davis, for Appellant.

The answer did not state facts sufficient to constitute a defense and proof was not admissible thereunder. (*Brown v. Bledsoe,* 1 Ida. 746; *Meadow Valley Land & Investment Co. v. Manerud,* 81 Or. 303, 159 Pac. 559.)

If the party claiming fraud has an equal opportunity to know the facts, or if as a prudent man he might readily or easily ascertain the facts concerning the fraud he cannot claim fraud unless he shows that he was induced by the representations to refrain from making any investigation as a prudent man, or that he was prevented from relying upon the facts known by himself. (*Gilligan v. Gilligan,* 94 Neb. 437, 143 N. W. 457; *Jones v. Degge,* 84 Va. 685, 5 S. E. 799; 12 R. C. L., sec. 123, p. 371; *People's Bank of Minn. v. Reid,* 86 Kan. 245, 120 Pac. 339; *Augusta Motor Sales Co. v. King,* 33 Ga. App. 433, 126 S. E. 866; *Marksberry v. First Nat. Bank,* 194 Ky. 401, 239 S. W. 461; *Bank of Valley City v. Lee,* 43 N. D. 503, 175 N. W. 575; *Peden v. Birkle,* 27 Colo. App. 323, 148 Pac. 913; *Lincoln Trust Co. v. Spangler,* 121 Wash. 267, 209 Pac. 521; *Lebanon Nat. Bank v. Long,* 220 Pa. 556, 69 Atl. 133.)

Merrill & Merrill, for Respondent.

Before a party can be relieved of the payment of a note on the ground of fraud he must allege and prove that the representations were made by one with authority; that they were material; that they were false and known to be false; that they were made under such circumstances that the person to whom they were made had a right to rely upon them; that he did rely upon them, and was damaged. (*Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175, 27 A. L. R. 337.)

It is not necessary to allege and prove that an independent investigation was made or that such investigation was pre-

vented by fraud of the other party. (*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503.)

If the trial court denies both motions and submits the cause to the jury, then the verdict of the jury has the same effect as if no motions had been made. (*McClure v. Wilson,* 109 Wash. 166, 186 Pac. 302, 18 A. L. R. 1421; *Banfield v. Crispen,* 111 Or. 388, 226 Pac. 235.)

TAYLOR, J.—The Intermountain Association of Credit Men, a corporation, brought this action to recover judgment upon four promissory notes aggregating $969.14, signed by the defendant, A. J. Pierce, with one C. E. Topliff, payable to Smith-Faus Drug Company, and assigned to plaintiff for collection. It is conceded that the notes were subject to any defense which could be made against the original payee.

The defendant admitted signing the notes, but pleaded as an affirmative defense that his signature was secured by false and fraudulent representations made by the Smith-Faus Drug Company through its agent and manager, one Kephart.

At the close of the evidence, each side made a motion for a directed verdict, but upon different phases of the case. Plaintiff moved upon the ground that the evidence was wholly insufficient to sustain the defense of fraud, and defendant upon the ground that plaintiff had wholly failed to prove its corporate existence and compliance with the law as to foreign corporations doing business in Idaho, its existence and compliance having been denied. Both motions were denied, the cause submitted to the jury, and a verdict rendered in favor of defendant. This appeal is from the judgment and an order denying a motion for new trial.

Appellant contends that the answer did not state facts sufficient to constitute a defense, that the evidence was insufficient to justify the verdict, and that the verdict was against the law, and specifies as error: (1) The introduction of any evidence on behalf of the defendant over objection as to the sufficiency of the answer; (2) error in denying a directed verdict; (3) error in denying a motion for new

trial; (4) error in submitting the case to the jury at all after motion for directed verdict by each side; (5) error in not properly instructing the jury; (6) error in the admission of certain evidence over objections.

The answer, among other things, alleged that Topliff and one Perkins had been in partnership and become indebted to the Smith-Faus Drug Company; that Topliff was about to buy out his partner, and that he as well as Kephart represented to the defendant that if he would sign these notes, the business could be operated at a profit by Topliff, and especially that Kephart represented that these notes would liquidate the indebtedness of Topliff and place the business upon a cash basis; that the indebtedness of Topliff would not exceed $1,000, and that these notes would liquidate Topliff's indebtedness, and place him upon a cash basis; and that the business could be conducted at a profit and pay these notes. The answer contained ample allegations of the other elements of falsity and fraud, and reliance of defendant thereon.

[1] The defendant testified that after Topliff had related these alleged statements of fact and others at length to him, he required that Kephart verify them. The three met, and while defendant did not testify to having related all of Topliff's statements to Kephart, he testified that—

"I said to Mr. Topliff and Mr. Kephart, more particularly to Mr. Kephart, that Mr. Topliff had solicited me to sign notes for him, and that he had represented to me certain things about the business, and that he had said he could—that Mr. Kephart could verify it, and I said, 'Mr. Topliff says he was taking over his partner's interest, that it would liquidate his indebtedness, and put him on a cash basis, enable him to discount his bills, and save him a hundred dollars a month overhead expenses. Now, if that is correct, I am perfectly willing to sign these notes, or sign this paper.' And Mr. Kephart assured me that was the condition that obtained; that he had been with Mr. Topliff looking over his business, and that was the condition that obtained."

There was ample evidence that the firm, and Topliff by taking it over, was obligated in far larger sums, and that Kephart knew the facts, and knew the representation that these notes would liquidate the indebtedness of Topliff was false; that Topliff was indebted in at least $3,000 known to Kephart at the time, and that the giving of these notes would not place him or the business on a cash basis; that Pierce relied upon these statements, and was thereby induced to sign the notes.

In addition to other evidence, Kephart upon the stand admitted his knowledge of the financial condition of Topliff's business, and knew that it was not as defendant testified Kephart had represented it to be; that these notes would not liquidate his indebtedness; and that it exceeded $3,000. He, however, denied any such representations. Appellant contends that these alleged representations were merely promises. While the evidence does not establish that the defendant related to Kephart all of the representations which he says Topliff made to him, yet it was ample to present to the jury the question as to whether Kephart represented to the defendant that the indebtedness of Topliff would not exceed $1,000, and that these notes would liquidate his indebtedness and place him upon a cash basis. The allegations of the answer and the evidence were sufficient upon this point to present a defense to the jury. This disposes of the objections to the sufficiency of the answer and of the evidence, and the assigned error of the court in denial of a new trial upon those grounds.

[2] The defendant had the right to rely upon these statements of the agent and manager of the Smith-Faus Drug Company, and was not in duty bound to make investigation to ascertain whether Kephart was deceiving him. The evidence of Pierce's acquaintance with Topliff did not in any manner establish his knowledge contrary to these representations, or any duty upon him to investigate, or any reason why he could not rely upon them.

[3] Appellant contends that there was no showing that Kephart made the representations alleged by authority of

the Smith-Faus Drug Company, or that it was bound thereby. The company could not accept these notes, and attempt to collect them, without being bound by the representations of its manager and agent made in securing their execution. (*McCornick & Co., Bankers, v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355; *Central Bank v. Stephens,* 58 Utah, 358, 199 Pac. 1018.)

Appellant complains that the jury was not properly instructed upon the theory of the appellant; but he offered no instructions, nor does he cite any authorities or in any way present or argue any error in those instructions given, or set forth in any concise way any that should have been given.

[4] Submission of the case to the jury after motion by each side for a directed verdict was not error. The denial of defendant's motion based upon a lack of proof of compliance by the corporation with the law as to foreign corporations did not determine the sufficiency of the evidence in general. There was sufficient evidence to go to the jury on the general defense. Thus, the two motions were not based upon the same or similar grounds, and it was proper to submit the evidence of the general defense to the jury. This case is not controlled by the rule announced in *Oregon Short Line R. Co. v. Mountain States T. & T. Co.*, 41 Ida. 4, 237 Pac. 281; *McClure v. Wilson,* 109 Wash. 166, 186 Pac. 302, 18 A. L. R. 1421; *Banfield v. Crispen,* 111 Or. 388, 226 Pac. 235.

[5] Appellant argues that by signing these notes the defendant prevented the drug company from taking any further action or steps to collect its account. There could be no estoppel against the defendant to interpose the defense of fraud.

[6] It was not error for the court to refuse to allow plaintiff to prove that credit was given to Topliff and Perkins by the drug company upon its books upon receipt of these notes. Whether or not there was consideration given for the notes after their execution was not material if the fraud existed. There was no error in the refusal to strike

Pierce's testimony as to the "White note." Kephart himself testified to a thorough knowledge of the existence of the White note. Nor was there error in the admission of other evidence of Pierce, or of his explanation of the contents of the letter written by him, complained of by appellant. It was competent to give the conversation for the purpose of showing Kephart's knowledge of the facts before the note was given. The explanation of the letter in no way prejudiced any substantial right of appellant.

The judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.